LOUIS SALOMON *vs.* JAMES M. HOPKINS AND OTHERS.

New London Co., May T., 1891. ANDREWS, C. J., CARPENTER, SEY-
MOUR, TORRANCE and FENN, Js.

It is provided by the practice act (Gen. Statutes, § 1108) that where there
are several defendants in an action on a contract and a cause of action
is proved against only a part of them, judgment may be rendered
against the latter. Held to make no difference that the defendants
have been described as partners.

Where a note signed by a partnership name was a joint and several one,
and was so described, it was held to be the several note of each partner.

Where a note was signed " A. J. & J. H. Hopkins," it was held that J.
M. Hopkins could be held liable on proof that that was a form of sig-
nature which he had adopted as his own.

And if J. M. Hopkins, not being a partner, had induced the payee to part
with the goods that were the consideration for the note, under the be-
lief that he intended to be bound by the signature made to it, he would
be estopped to deny his liability.

A man may adopt in his business whatever name he chooses and he will be
bound by it.

A note running " I promise to pay," and signed by several, is a joint and
several note.

[Argued May 26th—decided June 19th, 1891.]

ACTION upon a promissory note payable to the plaintiff,
executed in the partnership name of A. J. & J. H. Hop-
kins; brought, by appeal from a justice of the peace, to the
Court of Common Pleas in New London County, and heard
in that court before *Crump, J.* The defendants were A. J.
Hopkins, J. H. Hopkins and J. M. Hopkins. J. M. Hop-
kins alone made defense. The court found the facts and
rendered judgment for the plaintiff, and J. M. Hopkins ap-
pealed for error in the rulings of the court. The case is
fully stated in the opinion.

*C. F. Thayer*, with whom was *G. E. Parsons*, for the ap-
pellant.

*D. G. Perkins*, with whom was *W. H. Shields*, for the ap-
pellee.

ANDREWS, C. J. This suit was brought on the following note.

"NORWICH, Conn., September 13th, 1889.

"Four months after date I promise to pay to the order of Henry Salomon sixty dollars, at my office, 157 Franklin St., Norwich, Conn., for value received.

"A. J. & J. H. HOPKINS."

Three persons were summoned as defendants in the action, which was made returnable before a justice of the peace, namely, A. J. Hopkins, J. H. Hopkins and J. M. Hopkins. J. M. Hopkins alone made defense. The case was appealed from the justice court to the Court of Common Pleas in New London County. In the latter court judgment was rendered in favor of the plaintiff to recover of J. M. Hopkins alone. He now appeals to this court.

The first reason of appeal is, that "the court erred and mistook the law in deciding, upon the facts found, that it was not necessary to a recovery by the plaintiff against this defendant that he prove the existence of a partnership of which this defendant was a member, and that such partnership promised by its note to pay the amount as alleged in paragraph first of the complaint."

This assignment of error cannot be sustained. It has long been the law in this state that where a cause of action shall be sustained against a part only of those who are made defendants in the cause, judgment may be rendered against them alone. Gen. Statutes, § 1108; *Sanford* v. *French*, 45 Conn., 101. That the defendants in this case were described as partners makes no difference in the application of this rule.

The finding shows that the note was given for goods sold and delivered by the payee of the note to J. M. Hopkins, against whom alone the judgment was rendered. It would seem that he has no ground to complain. He is liable, whatever may be said as to the other defendants. The objection, however, is made sharply technical—that as the first paragraph in the complaint alleges a promise by the defendants to pay by their note, and as there are three defendants, a joint

promise by all of them must be proved. The objection over-looks the fact that the note is filed as a bill of particulars and so became a part of the complaint, and that the first paragraph thereby is an averment that the defendants prom-ised to pay as appears in that note. If the note contained a joint promise only then the paragraph alleges a joint prom-ise and no more ; but if the note contains the several promise of each as well as the joint promise of all, then the paragraph alleges a several promise as well as a joint one. A note written as this one is—" I promise to pay," etc., is the sev-eral promise of each of the signers as well as the joint prom-ise of all. 1 Parsons on Notes & Bills, 251; *Munson* v. *Drakely*, 40 Conn., 552.

It is further urged that, as the name of J. M. Hopkins does not appear as a signer of the note, it was not admissi-ble to prove a promise by him. But the evidence tended to show that the defendant had adopted the signature on the note as his own, either as a member of the partnership or as his own separate signature. In either aspect it was ad-missible. It is well settled that a man may make the name and signature of another virtually his own, by allowing it to be used as such in the course of his business. " It is a famil-iar principle that a man, either in his general dealings or in a particular transaction, may adopt whatever name he chooses and he will be bound accordingly." 1 Parsons on Notes & Bills, 81 ; *Lindus* v. *Bradwell*, 5 Man. Gr. & S., 582; *Pease* v. *Pease*, 35 Conn., 131; *Shaw* v. *Emery*, 38 Maine, 484; *Hancock Bank* v. *Joy*, 41 Maine, 568; 1 Daniels on Nego-tiable Instruments, § 252; 1 Randolph on Commercial Paper, § 318; *Gurney* v. *Evans*, 3 Hurlst. & Nor., 122.

Counsel for the defendant have argued the case as though the question of a partnership was an essential one. On the contrary it was not necessary to establish a partnership in order to make the defendant liable on the note. It is of no consequence whether the three original defendants as be-tween themselves were or were not partners. If J. M. Hop-kins was a partner then it is conceded that he is liable on the note. But if, not being a partner, he induced the payee

of the note to part with the goods which were the consideration for the note, under the belief that he intended to be bound by the signature actually made thereto, he was properly so held. He was estopped to deny his liability.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.