DOW LAW BANK v. GODFREY.

126   521
'136   ²522

1. BILLS AND NOTES—NEGOTIABILITY—MAKER: WHO IS.
   A third person signing his name on the back of a promissory note before delivery is liable as maker, irrespective of whether the note is or is not negotiable.

2. SAME—WHEN SEVERAL.
   A promissory note worded in the singular, but signed by several persons, is several as well as joint.

3. SAME—PAYMENT—INSTRUCTIONS.
   Defendant's contention that, by agreement between himself and plaintiff, certain moneys belonging to a firm of which defendant was a member, coming into the hands of plaintiff, were to be applied on the note in suit, and that sufficient was received to pay it in full, was *held* to have been fairly submitted to the jury.

Error to Berrien; Coolidge, J. Submitted February 14, 1901. Decided May 7, 1901.

*Assumpsit* by the Dow Law Bank against Charles H. Godfrey on certain promissory notes. From a judgment for plaintiff, defendant brings error. Affirmed.

*George W. Bridgman*, for appellant.

*Gore & Harvey*, for appellee.

MONTGOMERY, C. J. This action is based upon two promissory notes—one for $2,000, and one for $1,000—given in July, 1895. The notes are in the same form, the first one being as follows:

"$2,000.00        FORT VALLEY, GA., July 18, 1895.
"Thirty days after date, I promise to pay to the Dow Law Bank, or order, two thousand and no one-hundredths dollars, for value received, payable at said bank, with interest from maturity at the rate of eight per cent. per annum, with all costs of collection, including ten per cent. attorney's fees.

"And each of us, whether maker, security, or indorser on this note, hereby waives and renounces, for himself and family, any and all homestead and exemption rights to which he or they may in any event be entitled under any provision of the Constitution or laws, State or Federal, as against this note, or any renewal thereof.

" Witness my hand and seal.
                    " W. H. HARRIS. [L. S.]"
Note indorsed:    "GODFREY & HARRIS.
                  "C. H. GODFREY."

The second note is in the same form, except defendant's name appears on the face of the note, and those of the other parties on the back. The declaration contained special counts, and also the common counts, with a copy of these notes appended.

The testimony on the trial disclosed that one W. H. Harris and defendant entered into a partnership agreement in the summer of 1895 to engage in the business of canning fruit at Ft. Valley, Georgia, the home of the plaintiff bank. Harris agreed to furnish on the firm's notes as much as $5,000, the firm paying interest and discounts. They entered upon the business. About $4,000 was furnished on paper payable to the order of Harris, signed by the firm and by the defendant individually. Later on, the two notes in question were given to the Dow Law Bank. The canning season closed about the 5th of August, 1895, and defendant left for his home in the north. He asserted in his defense that Harris, his copartner, was president of the bank, and that the defend-

ant agreed with Harris, as president of the bank, that the bank should pay, with the first money received from the firm of Godfrey & Harris, for canned goods or otherwise, any money, or notes or obligations for money, borrowed from the bank, in regular order, and that the first money realized should be applied upon the notes in question. The defendant testified to this arrangement. Harris disputes it in his testimony, and states that there was no agreement as to what notes should be first paid.

It appears from the testimony that the obligations given by the firm to Harris for the purpose of raising the $4,000 or thereabouts found their way into the hands of the bank, and were paid from proceeds of shipments made by Harris, and turned in to the bank. Among the claims made by defendant is the one above stated that this was a misapplication of the money which came into the hands of the bank, and that the money should have been applied to retire the paper in suit. Defendant also contends that this paper was joint paper, that it did not amount to promissory notes, and that no recovery can be had upon them. It is also claimed that the suit should have failed because of the nonjoinder of Harris. And it is also claimed that the record conclusively shows that the bank had received sufficient funds with which to· pay these notes. These are the principal questions presented in the case.

We think it is immaterial that the notes in question are not negotiable notes. They were payable in the first instance to the plaintiff; signed by Harris, also by the firm of Godfrey & Harris, and by C. H. Godfrey, the defendant. It is true that the names of some of the signers were on the back of the note, but, under repeated rulings of this court, the undertaking of all the parties was that of makers. *Wetherwax* v. *Paine*, 2 Mich. 555; *Rothschild* v. *Grix*, 31 Mich. 150 (18 Am. Rep. 171).

But it is said that these obligations were joint, and that there was a nonjoinder of defendants, which could be

taken advantage of under the general issue. It is conceded that the general rule is that nonjoinder of defendants must be pleaded in abatement, but it is said that in this case the nonjoinder appears from the declaration, and that the question may be raised under the general issue. The question of whether a nonjoinder should be pleaded in abatement becomes immaterial, as under the authorities, this undertaking was a joint and several obligation. See 1 Pars. Cont. p. 11, note, where the rule is stated that, "If an instrument worded in the singular is executed by several, the obligation is a joint and several one;" and cases there cited. See, also, *Van Alstyne* v. *Van Slyck*, 10 Barb. 387; *Carter* v. *Carter*, 2 Day, 442 (2 Am. Dec. 113); *Salomon* v. *Hopkins*, 61 Conn. 47 (23 Atl. 716); *Maiden* v. *Webster*, 30 Ind. 317; *Hemmenway* v. *Stone*, 7 Mass. 58 (5 Am. Dec. 27); *Wallace* v. *Jewell*, 21 Ohio St. 163 (8 Am. Rep. 48).

It will be seen, therefore, that the case narrows itself down to two propositions: *First*, are we able to say from this record that it conclusively appears that these notes were paid? The counsel for defendant has attempted to state the account between the plaintiff and the firm of Godfrey & Harris, and to deduce therefrom that sufficient funds came into the hands of the bank to pay all the obligations. We have given a careful examination of the record, and are convinced that the question of whether these notes were paid was a question for the jury.

The circuit judge, in charging the jury, stated that the main question was whether the arrangement claimed by Mr. Godfrey to have been made with Harris, as president of the bank, to apply on the paper in suit the first moneys of Godfrey & Harris that came into the hands of the bank, was made. The court charged the jury that Mr. Harris, as president of the bank, had the right to make that agreement, and that the real question for the jury was whether the notes had been paid in some way, or whether the parties had placed themselves in such a

condition that the law would treat them as having been paid.   We think the jury could not have failed to understand that, if the arrangement in question was made, the first moneys that came into the bank should be treated as payment.   The plaintiff, having waived the right to recover anything in excess of one-half of the notes, recovered a judgment for $1,682.63, which is one-half the amount of these notes less an admitted payment of $527.-21.   We think the case was fairly submitted to the jury by the trial judge, and we are not able to see that the evidence conclusively sustains the theory of defendant.

The judgment will be affirmed.

The other Justices concurred.