THE TOWN OF CHAPLIN *vs.* THE TOWN OF BLOOMFIELD.

First Judicial District, Hartford, January Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

General Statutes, § 2469, relating to the settlement of paupers, provides, among other things, that no inhabitant of any town in this State shall gain a legal settlement in any other town unless he shall have "resided" four years "continuously" in such town. *Held* that in computing this period of four years, the time spent in another town in an insane hospital to which the person in question was committed, was to be excluded, inasmuch as the statute contemplated an actual, stated residence, and not one resting in theory or presumption.

Argued January 3d—decided March 12th, 1918.

ACTION to recover for the support of a pauper alleged to belong to the defendant town, brought before a justice of the peace and thence by the defendant's appeal to the Superior Court in Windham County and tried to the court, *Bennett, J.;* facts found and judgment rendered for the plaintiff for $40, and appeal by the defendant. *No error.*

*Albert C. Bill,* for the appellant (defendant).

*Samuel B. Harvey,* for the appellee (plaintiff).

WHEELER, J. This cause is brought to determine whether the town of Bloomfield is responsible for support furnished by the town of Chaplin to Copeland, a pauper, between January 11th, 1916, and March 27th, 1916.

On October 31st, 1908, Copeland had a settlement in Bloomfield. On this date he moved to Hartford with the intention of making his home there. From this date to March 20th, 1911, Copeland resided con-

tinuously in Hartford with the exception of a three months' summer vacation in Chaplin in 1909, and a three months' temporary residence in Somers in 1910.

On March 20th, 1911, Copeland was committed to the Connecticut Hospital for the Insane at Middletown by the Court of Probate for the district of Hartford, and remained there until July 5th, 1913, when he was discharged, maintaining himself, or being maintained by his estate, from March 31st, 1908, to the date of his discharge. The same court, in 1911, appointed a conservator of his person and estate. The finding does not state the residence of Copeland after his discharge from the Hospital for the Insane, except that he resided in Chaplin when furnished the support which is the subject of this action.

Unless Copeland acquired a settlement by commorancy in Hartford, his settlement in Bloomfield continued. He never intended to change his residence from Hartford to Chaplin or Somers; his residence in these places was temporary and did not break the continuity of his residence in Hartford. *Salem* v. *Lyme*, 29 Conn. 74, 80; *Clinton* v. *Westbrook*, 38 Conn. 9.

When he was committed to the Hospital he had resided in Hartford nearly two years and five months. He resided in the Hospital until discharged, a period of two years and three months. To gain a settlement in Hartford, Copeland must have resided four years continuously in that town, and have maintained himself and family during the whole of said period without becoming chargeable to such town. General Statutes, § 2469. Copeland maintained himself without becoming chargeable to Hartford from the time he moved to Hartford until his discharge from the Hospital. One who "resides" in a town, within the intendment of this statute, is one who is an actual, stated dweller as distinguished from a transient dweller, even though he

have a technical domicil elsewhere. *Kelsey* v. *Green*, 69 Conn. 291, 301, 37 Atl. 679. Copeland must have resided in Hartford four years continuously, in order to be an actual dweller therein and come within the statute and gain a settlement by commorancy. *Fairfield* v. *Easton*, 73 Conn. 735, 739, 49 Atl. 200; *Salem* v. *Lyme*, 29 Conn. 74, 80.

The four-year period cannot be made up without counting the time Copeland remained in the Hospital. The case turns upon whether one committed to an asylum continues, during his committal, to be an actual resident of the town in which he resided when committed. Twice we have had occasion to consider whether a period of imprisonment, for crime, constitutes any portion of the continuous residence required under the earlier form of this statute, to establish a legal settlement. In holding that the period of imprisonment could not be counted, we pointed out that it could not be known whether the prisoner would have continued to reside in the town he had resided in during the period of his imprisonment. And had he continued residing there, the town could at any time, if he was a pauper, before he had acquired a settlement, have removed him to the town to which he belonged. But while he was in prison the town could not change his residence, and hence if his residence continued to be in the town he would acquire a legal settlement despite the desire of the town, or of himself, to the contrary. *Reading* v. *Westport*, 19 Conn. 561, 565; *Washington* v. *Kent*, 38 Conn. 249, 252.

There is no substantial difference in principle between the committal for crime, or for insanity, so far as the question of residence is concerned. In neither case can the one committed exercise his will in relation to his residence. The statute intends an actual, stated residence, not one resting in presumption. One who

acquires a settlement by commorancy determines the place of his settlement in the exercise of his own will, and not by the will of another. A settlement rests upon actual residence, not upon domicil, although residence and domicil may be, and usually are, concurrent.

The trial court was correct in holding that Copeland had not had such actual, continuous residence in Hartford as to give him a legal settlement there.

There is no error.

In this opinion the other judges concurred.