## TOWN OF NEWTOWN *vs.* TOWN OF SOUTHBURY.

Third Judicial District, Bridgeport, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.

In this State one acquires a legal settlement in the town in which he was born, and this continues until he gains one in another town.

Under § 1616 of the General Statutes, one must have "resided" four years continuously in the town and maintained himself and family during the whole of this period, without becoming chargeable to such town in order to gain a settlement therein; and this, under our decisions, means an actual, permanent residence as distinguished from one which is merely transient and temporary.

In December, 1908, one R, whose settlement was then in Middlebury, went to Southbury and lived there with his niece until the spring of 1909, when he went to work for a citizen of that town at different times until the fall of 1918, and was seen there at the home of such citizen on numerous occasions during that period; but there was no finding that during those years it was his intention to make Southbury his fixed residence, or that he intended giving up Middlebury as such residence. In 1912 and 1913 he voted at the annual town meetings in Southbury. Thereafter, all that appeared from the finding was that he worked at different times in Southbury in 1915, and in 1918 rented a small house there in which he placed a few household articles, and lived there for a few months, but left these articles in the house for some fourteen months. *Held* that while his voting in Southbury indicated his intention at that time to abandon Middlebury as his fixed residence, the conclusion of the trial court, drawn from the subordinate facts succeeding that period, that R had not resided continuously for four years in Southbury, although open to review by this court, did not import error as matter of law.

The omission of a litigant to call an available witness who can testify to a fact material to his case, gives rise to an inference adverse to such party, and such inference may be utilized by the trial court, in connection with other facts in evidence, in reaching its conclusion.

The failure of the trial court to take into consideration a material item of evidence favorable to the losing party, is error; but in the absence of a specific finding upon the point and of anything more definite than an allusion to that matter in the memorandum of decision, this court is unable to say that the action of the trial court constituted reversible error.

Argued October 31st, 1923—decided January 8th, 1924.

ACTION to recover for necessary support furnished by the plaintiff town to a pauper alleged to belong and to be chargeable to the defendant town, brought to and tried by the Court of Common Pleas in Fairfield County, *Booth, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*David Goldstein* and *J. Robert Beecher,* for the appellant (plaintiff).

*John T. Monzani,* for the appellee (defendant).

WHEELER, C. J. The plaintiff town has become obligated to pay for, or has paid for, the support and maintenance of one Roberts from July 16th, 1921, to January 16th, 1923, and brings this action against defendant town to recover such amounts. Roberts had resided in plaintiff town since November, 1920, and on July 16th, 1921, was poor and unable to support himself, and in immediate need of support, and was suffering from a mild form of dementia. The selectmen of plaintiff town gave written notice to defendant town that Roberts was in an indigent condition, chargeable to defendant, and that the plaintiff would look to the defendant for the expenses incurred by it in his care, support and maintenance.

Roberts was born in Middlebury in 1849, and had voted there until about 1903. His legal settlement was therefore in Middlebury unless he had acquired another in some other town. *Danbury* v. *New Haven,* 5 Conn. 584, 586. He could not acquire this unless "he shall have resided . . . four years continuously in such town, and shall have maintained himself and family during the whole of said period without becoming chargeable to such town." General Statutes, § 1616. We say of this statute in *Chaplin* v. *Bloomfield,* 92 Conn. 395,

397, 103 Atl. 118: "The statute intends an actual, stated residence, not one resting in presumption." In *Madison* v. *Guilford*, 85 Conn. 55, 59, 81 Atl. 1046, we approve of the definition of "resided" in this statute, as "a fixed, permanent and established residence, as distinguished from a residence which is merely transient or temporary." We say in *Roxbury* v. *Bridgewater*, 85 Conn. 196, 201, 82 Atl. 193: "A change of domicil is a question of 'act' and 'intention.' Where there is an actual abiding in a place, the intention with which it is accompanied is the controlling factor in determining the question of domicil."

Roberts went to the town of Southbury and lived with his niece, Mrs. Sperry, from December, 1908, to the spring of 1909, and then went to work for one Wakelee in Southbury, and so worked at different times from the spring of 1909 to the fall of 1918, and was seen on numerous occasions at Wakelee's during this time. It is not found that it was his intention when at Mrs. Sperry's or at Wakelee's to make Southbury his fixed residence, or that he intended giving up Middlebury as his fixed residence. In 1912 and 1913 he voted at the annual town meetings in Southbury. This was evidence of his intention to abandon Middlebury as his fixed residence and make it in Southbury. But after this time all that the finding shows is that he worked at different times for Wakelee in Southbury and for Mitchell for seven weeks in 1915, and in 1918 rented a small house in Southbury, placed a few household articles in it and lived there a few months, but left these articles in the house for some fourteen months.

The trial court found from these facts as a conclusion that Roberts had not resided continuously for four years in Southbury. This conclusion is drawn from the subordinate facts and hence is reviewable by us. But we cannot hold, as matter of law, that this con-

clusion is erroneous and that these subordinate facts require the conclusion that Roberts had resided continuously for four years in Southbury.   The facts found do not establish as matter of law the stated and permanent residence continuously for four years which our statute, as construed by our decisions, requires. *Chaplin* v. *Bloomfield,* and *Madison* v. *Guilford, supra.*

Error is predicated upon the drawing by the trial court of its inference that Roberts did not live with Wakelee from the spring of 1909 to the fall of 1915, from the fact that the plaintiff did not call Wakelee to testify to this fact.   As we read the record, the court utilized this inference in connection with the facts in evidence in drawing its conclusion that Roberts had not resided continuously for four years in Southbury. The use of such an inference was entirely proper. *Steinert* v. *Whitcomb,* 84 Conn. 262, 267, 268, 79 Atl. 675.

In the memorandum of decision the trial court says: "The payment of his expense in Woodbury by the selectmen of Southbury [in February, 1920] could be considered only as an admission of liability, and might well have been founded on mistake"; and this is assigned as error.   Such a payment is evidence of the residence of Roberts in Southbury as well as an admission of liability, and if the court failed to consider it in relation to the issue of residence it was in error, but in the absence of a more specific finding upon the point, or of the evidence before the court, we are unable to say that this constituted reversible error.

There is no error.

In this opinion the other judges concurred.