RUTH NEWMAN HUNT *vs.* GILBERT GUY HUNT ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued November 1st, 1932—decided January 3d, 1933.

*Raymond E. Hackett,* for the appellant (plaintiff).

*Charles R. Covert,* for the appellees (defendants).

PER CURIAM. The plaintiff is seeking to secure possession of her four year old boy now living with his father at the home of the latter's parents. The trial court concluded that the plaintiff is not the proper person to have either the care or custody of the boy; that she has neither the disposition, the understanding, nor the ability to give him the care and treatment which is essential to his welfare; that his health and morals and mental training would be imperiled, jeopardized and prejudiced if he were placed in her custody; and that the best interests of the child require that he be left in the care and custody of the defendants. These conclusions could be reasonably reached upon the facts as found. The plaintiff seeks many additions and corrections in the finding, but none

can be granted which would make any substantial change in it. The fact that no evidence was offered to show any lack of moral character on the part of the plaintiff would not suffice to overturn the conclusions of the trial court, based as they were upon her incompetency and neglect in the care of the child and the lack of understanding and ability necessary to give him the care and attention which he needed and will need. The trial court correctly applied the principle that "it is not only the right but the duty of the court to make the award of custody of a minor child in such a way as will, in the opinion of the court, best serve the welfare and happiness of the child, and this will be done even at the expense of depriving a parent of custody where circumstances warrant." *Mullins* v. *Becker,* 113 Conn. 526, 531, 155 Atl. 705.

There is no error.