MARY K. CLAFFEY *v.* EDWARD A. CLAFFEY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued December 10, 1948—decided February 21, 1949

*Frank T. Healey,* with whom was *James T. Healey,* for the appellants (defendants).

*Arthur M. McDonald,* for the appellee (plaintiff).

MALTBIE, C. J. In this habeas corpus proceeding judgment was rendered for the plaintiff giving her custody of her daughter, about two years of age, against the defendants, father and mother of the plaintiff's husband with whom the child had lived most of the time since her birth. The defendants have appealed.

The facts found may be summarized: The plaintiff and her husband were living in Waterbury when the child was born. The plaintiff was in poor health, and for that reason when the child was about two months old she, her husband and the child went to live in the home of the defendants. About three months later she and her husband moved to Rochester, New York, leaving the child with the defendants. At first the plaintiff and her husband lived in a rooming house there, but they shortly removed to a three-room apartment. The plaintiff was thereafter anxious to bring the child to live with them, but she suffered a miscarriage and her health was poor. She visited the child in Waterbury on four occasions. Disagreements arose between the plaintiff and her husband, and finally they separated. The husband still lives in Rochester. She continued to occupy the apartment. She supports herself by nursing. Her mother, who has brought up seven children of her own, lives with her. Conditions there are such that the apartment would be a suitable home for the child. The plaintiff has a normal amount of affection for her daughter, and she and her mother are suitable persons to have the care and upbringing of the child. The home of the defendants in Waterbury is comfortable and in a good neighborhood but is somewhat overcrowded; the child has been cared for by her paternal grandmother and an unmarried daughter of the latter; both have an affection for the child and have given her good care.

While certain corrections in and additions to the finding are sought, we can make none which would materially affect the result. No doubt the finding that the plaintiff had a normal affection for the child and that she and her mother were suitable persons to care for her was based to a large extent upon observation of them as they appeared as witnesses. The trial court

was entitled to base the finding in question upon that observation. *Dadio* v. *Dadio,* 123 Conn. 88, 92, 192 A. 557. In *State* v. *McLaughlin,* 126 Conn. 257, 264, 10 A. 2d 758, and in *Christie* v. *Eager,* 129 Conn. 62, 66, 26 A. 2d 352, we were discussing a charge of the court concerning the credibility to be accorded witnesses; and in *Kovacs* v. *Szentes,* 130 Conn. 229, 232, 33 A. 2d 124, we were considering findings of the court as to facts occurring in the courtroom entirely apart from its observation of witnesses as they appeared on the stand. In none of our decisions since the *Dadio* case have we derogated from the principle that a trial court, in reaching its conclusion, may properly take into consideration the subjective characteristics of a person which are involved in the issues of a case like this, as they are disclosed by the court's observation of that person as a witness in the case.

As appears from the conclusions of the court, the considerations moving it to award the custody of the child to the plaintiff were that the most natural person to have custody of the child was her mother and the interests of the little girl would, unless there were good reasons to the contrary, be best served in that way; that the plaintiff's home will be less crowded and in some respects better; that the plaintiff and her mother will be solicitous for the child's welfare; and that she will be where her father can visit and keep in touch with her. Over against these considerations the trial court set the fact that the plaintiff had left the child in the defendants' care for a year and a half and had been out of touch with her except for brief visits, but it concluded that this situation was not due to the plaintiff's lack of affection for the child but to circumstances for which the plaintiff was not primarily to blame, and that, although the little girl had been accustomed to being with the defendants, a child of that

age easily becomes accustomed to new surroundings.

In an action involving the custody of a child his welfare must be the controlling consideration; *Mullins v. Becker,* 113 Conn. 526, 529, 155 A. 705; *Hunt v. Hunt,* 116 Conn. 701, 702, 163 A. 608; and in determining the question of custody much must be left to the discretion of the trial court. Clearly, the court in this case weighed the circumstances with great care. Under the laws of both Connecticut and New York a father and mother are joint guardians of a child. *Boardman v. Boardman,* 135 Conn. 124, 128, 62 A. 2d 521. At least, where the controversy is not between the father and the mother, as it was not in this case, the mother has a prior right to custody unless the circumstances are such that to give it to her would not be for the best interests of the child. *Kelsey v. Green,* 69 Conn. 291, 298, 37 A. 679. That, under normal circumstances, the interests of a young child, particularly a little girl, will be best served by growing up in the care of her mother does not admit of question. *Hines v. Hines,* 192 Iowa 569, 572, 185 N. W. 91; Keezer, Marriage & Divorce (3d Ed.) § 717. We cannot hold that the trial court could not reasonably conclude that the plaintiff was entitled to the custody of the child.

There is no error.

In this opinion the other judges concurred except DICKENSON, J., who concurred in the result.