SHIRLEY DON v. EUGENE FRANKEL ET AL.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 49618

Memorandum filed March 14, 1949.

*Edward L. Halloran, Cornelius D. Shea,* of Hartford, and *Abraham S. Ullman,* of New Haven, for the Plaintiff.

*Milton W. Horwitz,* of Hartford, for the Defendants.

PARMELEE, J.  In this application for a writ of habeas corpus, the plaintiff seeks to recover the custody of her daughter, Rose, born March 17, 1948, and voluntarily surrendered to the defendants on March 22, 1948.

While it is the strict legal right of parents to have the custody of their infant children as against strangers, a court will not regard this right as controlling when to do so would imperil the personal safety, morals, health or happiness of the child.  The right of the parents to custody is not absolute since neither of them has any right which can be allowed to militate against the welfare of the infant.  A child is not the property of either parent.  It is a human being and as such has rights of its own which include the right to the protection of the court against such misfortunes of its parents or the influences of such conditions as will endanger its health, happiness, morals or general welfare. *Kelsey* v. *Green,* 69 Conn. 291; *Mullins* v. *Becker,* 113 Conn. 526; *Hunt* v. *Hunt,* 116 Conn. 701, 702; *Claffey* v. *Claffey,* 135 Conn. 374.

During the course of the trial, the demeanor of the parties and their witnesses was carefully observed and considered in connection with their testimony and the evidence submitted.  Extensive briefs and the citations therein have been reviewed.  It will serve no useful purpose at this time to review in detail the evidence and facts found therefrom.  It is sufficient to say that the credible evidence overwhelmingly supports a conclusion that the welfare and happiness of this infant will be best served by a continuation of the custody and control by the defendants, and that the circumstances are such that to award custody to the plaintiff would not be for the best interests of the child.

It is ordered and directed that the minor child named in the writ remain in the custody of the defendants.

Writ dismissed.