## IN RE APPEAL OF MARY E. DATTILO

MALTBIE, C. J., BROWN, JENNINGS, ELLS and COMLEY, Js.

Argued April 7—decided May 18, 1949.

*Frank W. Flood,* assistant attorney general, as amicus curiae.

*James F. Rosen,* for the appellant.

MALTBIE, C. J.   This case originated in the Juvenile Court, where the appellant petitioned the court to revoke an order committing two of her children to a county home and a third to the commissioner of welfare.   The Juvenile Court denied the petition and the mother appealed to the Superior Court.   The matter was there heard at a domestic relations session and the action of the Juvenile Court affirmed.   From that judgment an appeal was filed to this court by the mother.   The attorney general as amicus curiae has made a motion to erase the appeal from the docket on the ground that the decision of the Superior Court was not such a judgment as could be made the basis of an appeal.   If that is so, it would be the duty of this court, as soon as the matter came to our attention, to dismiss the appeal, regardless of the way in which our attention was called to the situation.   *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A. 2d 81.   The issue is one of general public interest and the attorney general acted properly in bringing it before us.   Our action

would not, however, be upon his motion to erase the appeal, for the state is not a party to the proceeding, but we would act in the exercise of our inherent obligation to refuse to take jurisdiction where we find that an appeal has been filed which is not authorized by the statutes.

The attorney general cites certain cases in which we have held that an appeal does not lie from the denial of a motion to open a judgment. They were, however, cases where the motion was made to the same court which had rendered the judgment. The statutes provide that the parents or guardian of a child may apply, not more than twice in any calendar year, to have a commitment by the Juvenile Court opened and terminated; General Statutes, Cum. Sup. 1935, § 695c (as amended, Rev. 1949, § 2814); and a right of appeal to the Superior Court is given to any person aggrieved by any judgment or order of the court. General Statutes, Sup. 1947, § 436i (Rev. 1949, § 2815). An application to open and terminate a commitment under the statute would ordinarily be based on changed circumstances, and its denial would be an order permitting an appeal to the Superior Court. If that court dismissed the appeal, the right of the applicant to have the commitment opened in that particular proceeding would be finally concluded.

The attorney general suggests, however, that it would be contrary to the intention of the General Assembly that an appeal might be taken to this court in a case originating in the Juvenile Court. He points to the fact that, while the statute not only provides an appeal to the Superior Court from any judgment or order of a Juvenile Court but also prescribes the procedure to be followed on such an appeal, it contains no reference to an appeal to this court. No such provision was necessary, for a judgment of the Superior Court

which concludes the rights of the parties upon an appeal from the Juvenile Court is a final judgment within the general appeal statute. General Statutes, Rev. 1930, § 5689, as amended, Sup. 1943, §728g (Rev. 1949, § 8003). For example, the statutes contain no provisions for an appeal to this court from the decision of a trial court in a zoning case, but we have repeatedly entertained such appeals. In *Webb* v. *Ambler*, 125 Conn. 543, 7 A. 2d 228, we held that, despite the provisions of the statutes as they then stood concerning writs of error, an appeal lay to this court from a decision of a Court of Common Pleas upon such a writ brought to it. The fact that the statutes provide that no costs shall be taxed on an appeal to the Superior Court from the Juvenile Court but make no such provision as regards an appeal to this court may be due either to inadvertence on the part of the General Assembly or to an intent that if the matter is pursued to this court the usual provisions as to costs should apply. The broad language of the general statute authorizing appeals to this court from final judgments of the Superior Court is sufficient to include judgments there rendered upon appeals from the Juvenile Court.

The attorney general points further to the procedure provided by the statutes for juvenile cases as indicating that the General Assembly did not intend that appeals to this court should be taken. In discussing this matter we shall for convenience refer to the 1949 Revision of the General Statutes, as the provisions therein contained were all in effect when the proceedings we are now considering originated. Investigations of the child and his surrounding circumstances are required to be made before the case is heard in the Juvenile Court; § 2811; at hearings before it, all persons are to be excluded except those whose presence is in the court's opinion necessary, and any conversation be-

tween the judge and the child whose case is before the court is privileged; § 2812; the records of the court, including the records of its probation officers, are open for inspection only to persons having a proper interest therein and upon order of the court; § 2821; on an appeal the Superior Court is authorized to require an investigation to be made by a probation officer or county investigator, and in general the same procedure is to be followed as that provided for in the Juvenile Court. § 2815. The two matters to which the attorney general particularly points as indicating an intent of the General Assembly that appeals to this court should not be allowed in juvenile cases are the secrecy of the proceedings required and the fact that the decisions of the courts below will often depend to a considerable extent on conclusions drawn from personal contact with the child and other persons concerned. As to the first consideration, we pointed out, when this appeal was recently before us on a motion that it might be taken without payment of the usual fees, that the trial judge might direct that papers within the purview of the statute requiring secrecy should be sent under seal to the clerk of this court. *In re Appeal of Dattilo,* 135 Conn. 411, 65 A. 2d 262. As regards conclusions drawn by the trial judge from personal contact with the child involved in such a case and with others concerned, the situation is no different than that presented in analogous proceedings. Thus, in the recent case of *Claffey* v. *Claffey,* 135 Conn. 374, 375, 64 A. 2d 540, which was a habeas corpus proceeding involving the custody of a child, we commented upon the fact that no doubt the findings of the court that the mother had a normal affection for her little daughter and that she and her mother were suitable persons to care for the child were based to a large extent upon its observations of them as witnesses. The relevant conclusions of the Superior

Court derived from conversations with and observation of the ·child involved and others concerned are the proper basis of findings. The situation is analogous to that where a court views premises involved in a case. Conn. App. Proc. §§ 74, 95. It is true that such findings are not as readily reviewable by us as are those based on evidence offered in court, but that is no reason why an appeal should not be allowed. To deny it might well prevent a determination by this court of questions of law vital to the interests of the parties. We can find no basis for a conclusion that the General Assembly intended to except decisions on appeals from the Juvenile Court from the broad provision of the statute authorizing an appeal to this court from final judgments of the Superior Court.

Our conclusion is that we have jurisdiction of the appeal now before us.

In this opinion the other judges concurred.