SHIRLEY DON *v.* EUGENE FRANKEL ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND INGLIS, JS.

Argued December 8, 1949—decided February 21, 1950.

*Cornelius D. Shea,* with whom, on the brief, was *Edward F. Halloran,* for the appellant (plaintiff).

*Milton W. Horwitz,* for the appellees (defendants).

MALTBIE, C. J.   In this case the plaintiff, mother of a little girl, brought a habeas corpus action to secure custody of the child, who had been in the charge of the defendants, and she has appealed from a judgment that the child remain in their custody on the sole ground that as she had never been removed as guard-

ian the court had no jurisdiction to render the judgment.

The child was born March 17, 1948, in Brooklyn, New York. The court has made no finding as to the marital status of the plaintiff at that time, but it did find that she had never been removed as guardian of the person of her daughter by any court of competent jurisdiction. The plaintiff delivered the child into the care of the defendants in Brooklyn, they immediately returned with her to Hartford, where they reside, and the child thereafter continued to live with them there. They have no blood relationship to her. No court had, prior to the hearing of this case, made any award of the custody of the child to the defendants, nor had they adopted her. The judgment of the court was that the child remain in the custody of the defendants and that the writ be dismissed.

The plaintiff rests her contention upon the fact that she is the guardian of the person of the child under the statute and that the sole jurisdiction to remove her as such guardian is in the Probate Court; General Statutes § 6850; and her claim is that the Court of Common Pleas in this habeas corpus action had therefore no jurisdiction to render judgment taking from her the right to the custody of the child. In *Pfeiffer* v. *Pfeiffer*, 99 Conn. 154, 121 A. 174, we had before us an action of habeas corpus brought to the Superior Court in which the father and mother of a four-year-old girl were the parties and in which the father as plaintiff sought a judgment giving him the custody of the little girl. The trial court rendered judgment that the defendant mother should have custody of the child but should allow her to visit the father during vacations. He appealed, and one of his claims was that the Superior Court lacked jurisdiction to render the judgment it did because the

exclusive jurisdiction to remove the father as joint guardian of the child was in the Court of Probate. We overruled that contention, stating (p. 157): "If the question of the custody of the infant be presented in divorce proceedings, or by writ of *habeas corpus,* the Superior Court is the proper forum. Otherwise, the probate courts have exclusive jurisdiction"; and we further said: "It is perhaps unnecessary to add that the Superior Court has not by this judgment removed the father as joint guardian of the infant." The effect of that decision is that, where the jurisdiction of the Probate Court over the appointment and removal of guardians has not been invoked, other courts have jurisdiction in proper proceedings to render judgments determining the custody of minors. The only factual distinction between that case and the one before us is that in this action the judgment deprived the mother of custody of the child and awarded it to others. In *Mullins* v. *Becker,* 113 Conn. 526, 531, 155 A. 705, we said that "it is not only the right but the duty of the court to make the award of custody of a minor child in such a way as will, in the opinion of the court, best serve the welfare and happiness of the child, and this will be done even at the expense of depriving a parent of custody where circumstances warrant." See also *Hunt* v. *Hunt,* 116 Conn. 701, 702, 163 A. 608. The claim of the plaintiff that the trial court lacked jurisdiction to render the judgment it did cannot be sustained.

The situation presented in the case of *LaBella* v. *LaBella,* 134 Conn. 312, 57 A. 2d 627, was entirely different. That was an action in the Superior Court in which the plaintiff husband was seeking a divorce from the defendant, and in a counterclaim she sought a divorce from him and asked the custody of a minor child. The child was not one born of the marriage.

Subsequent to the trial of the issues upon the complaint and counterclaim, but before judgment, the plaintiff instituted proceedings in the Probate Court for the adoption of the child. The trial court rendered judgment for the defendant on the counterclaim but held that, as the child was not one born of the marriage, it was without jurisdiction to make an award as to his custody. After the judgment, the defendant, on learning of the proceedings brought for the adoption of the child, sought an order from the court which tried the divorce action enjoining the plaintiff from further prosecuting the adoption proceedings. We held that the court was right in deciding that it had no jurisdiction to make an award of the custody of the child in the divorce action, that the Probate Court had exclusive jurisdiction over the question as to his adoption and that the Superior Court was without jurisdiction to interfere with the probate proceedings. In the case now before us, the Court of Common Pleas was exercising a jurisdiction vested in it and no proceedings relating to the subject matter of the action had been instituted in the Probate Court.

There is no error.

In this opinion the other judges concurred.