## Rose Don *v.* Shirley Don

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued April 7—decided May 3, 1955

*Cornelius D. Shea,* with whom, on the brief, was *Edward F. Halloran,* for the appellant (defendant).

*Norman Ebenstein,* with whom, on the brief, was *Milton W. Horwitz,* for the appellee (plaintiff).

INGLIS, C. J. Rose Don by her next friends Eugene Frankel and Lillian Frankel applied to the court praying that her name be changed to Judith Ellen Frankel. Shirley Don, the natural mother of the plaintiff and presently a resident of New York, was made a party to, and given notice of the pendency of, the action pursuant to Practice Book, § 27.

The finding of subordinate facts is not subject to correction. Those facts may be summarized as follows: The plaintiff was born to the defendant on March 17, 1948, in Brooklyn, New York. Her name is recorded in the official birth records there as Rose Don. On March 22, 1948, the child came into the possession of Mr. and Mrs. Frankel. They brought her to Hartford, and she has lived with them in that city ever since. She has never been legally adopted by them, and the defendant has never been removed as guardian of her person. In 1948 Shirley Don instituted a habeas corpus proceeding, in the Court of Common Pleas in Hartford County, against the Frankels for the custody of the child. In that proceeding the court dismissed the writ and ordered the child to remain in the custody of the Frankels. That judgment was affirmed by the Supreme Court of Errors. *Don* v. *Frankel,* 136 Conn. 411, 71 A.2d 713. The Frankels have provided the child with a good home and have plans for her future education. She has been known as Judith Ellen Frankel among her friends and friends of the Frankels and in the neighborhood where she lives. In September, 1953, she was registered in school in Hartford under that name.

The trial court concluded that it had jurisdiction of the matter and that it would best serve the welfare of the child to change her name as prayed. It therefore rendered judgment granting

the application, and the defendant has appealed.

The initial contention of the defendant is that the court lacked jurisdiction to render the judgment because, she says, the child's domicil follows that of her mother and hence is not in this state. Section 7756 of the General Statutes provides: "The superior court in each county shall have jurisdiction of all complaints praying for a change of name, brought by any person residing in the county, and may change the name of the complainant, who shall thereafter be known by the name prescribed by said court in its decree." So far as the statute is concerned, the only jurisdictional requirement is that the complainant be a resident of the county. Nothing is said about the complainant's being domiciled either in the county or in the state. A resident of a place is one who is an actual stated dweller in that place, as distinguished from a transient dweller there, and he may have a technical domicil elsewhere. *New Haven* v. *Torrington,* 132 Conn. 194, 199, 43 A.2d 455; *Hackett* v. *New Haven,* 103 Conn. 157, 169, 130 A. 121; *Chaplin* v. *Bloomfield,* 92 Conn. 395, 396, 103 A. 118. In view of the fact that the plaintiff had lived with the Frankels in Hartford continuously for five and a half years next prior to the institution of this action, she clearly was a resident of Hartford County. *Kelsey* v. *Green,* 69 Conn. 291, 301, 37 A. 679; *Yale* v. *West Middle School District,* 59 Conn. 489, 491, 22 A. 295. It was within the jurisdiction of the trial court to render the judgment changing the plaintiff's name.

The defendant contends that upon the facts found the trial court was not warranted in concluding that it was for the best interests of the plaintiff that her name be changed and that judgment should be rendered accordingly. Whether an application for a

change of name should be granted is a matter which rests in the sound discretion of the court. *Binford* v. *Reid*, 83 Ga. App. 280, 63 S.E.2d 345; *Falcucci Name Case*, 355 Pa. 588, 591, 50 A.2d 200; see note, 110 A.L.R. 219; 65 C.J.S. 20, § 11(b). In exercising that discretion, the court should bear in mind that, generally speaking, independently of any court order, a person is free to adopt and use any name he sees fit. *Lewis* v. *Scoville*, 94 Conn. 79, 85, 108 A. 501; *Salomon* v. *Hopkins*, 61 Conn. 47, 49, 23 A. 716. Ordinarily, therefore, an application for a change of name should be granted unless it appears that the use of the new name by the applicant will result in injury to some other person with respect to his legal rights, as, for instance, by facilitating unfair competition or fraud. *Reinken* v. *Reinken*, 351 Ill. 409, 413, 184 N.E. 639; *Buyarsky, Petitioner*, 322 Mass. 335, 338, 77 N.E.2d 216; 65 C.J.S. 19, § 11(a). When the question presented is whether the name of a minor child should be changed, the court, in line with its universal duty to protect the interests of minors, must take into consideration whether the change of name will promote the child's best welfare. In the present case, on the facts found, there was no indication that to change the plaintiff's name would cause any legal injury to anyone. The most that could be said against it was that it might hurt the defendant's sensibilities. It did not, of course, make any change in the relationship of parent and child which existed between them.

Furthermore, a change of the plaintiff's name to Judith Ellen Frankel was, under the circumstances, conducive to her welfare. Her home had been with the Frankels almost since her birth. In view of the fact that the court in the habeas corpus proceeding had refused to return her to the custody of her

mother, there was every probability that she would continue to live with the Frankels for a long time in the future. Under these circumstances, it clearly would be wise for the child to bear the name of Frankel. The conclusion that to change her name would promote her welfare was warranted. It follows that it was well within the court's discretion to grant the application.

The assignments of error directed at various rulings on evidence are all without merit. Likewise, the claim of the defendant that the judgment is erroneous because it does not give full faith and credit to the birth record of the plaintiff in New York is not well founded. The judgment in the instant case does not repudiate that record. On the contrary, it recognizes that the plaintiff's legal name was Rose Don, as evidenced by that record. Otherwise, there would have been no need for a judgment changing that name.

There is no error.

In this opinion the other judges concurred.