[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decree of the Probate Court for the District of West Hartford, which decree changed the name of the minor child, born November 16, 1988, from Robert Joseph Delaney to Robert Joseph Brown.
The petition was filed in the Probate Court by virtue of the jurisdiction conferred by Connecticut General Statutes Sec. 49a-99. That statute provides, in pertinent part, "The courts of probate shall have concurrent jurisdiction with the Superior CT Page 7510 Court, as provided in Section 52-11, to grant a change of name . . ." C.G.S. 52-11 grants to the Superior Court "jurisdiction of complaints praying for a change of name . . . ."
"In an appeal from probate the trial court exercises the right to make an independent and de novo determination of the issues involved, without regard to the result reached by the Probate Court." Bristol v. Brundage, 24 Conn. App. 402, 407.
The petition for change of name was filed in the Probate Court by the child's mother, Virginia Brown. At the time of the birth of the child she was married to the child's father, Robert Joseph Delaney, the appellant in this appeal. The mother and father were living together at the time of the child's birth. The parents were thereafter divorced on July 30, 1990.
The child has resided continuously with the mother, Virginia Brown, since birth. The father had left the house after the child came home from the hospital. He may have returned for a period of time but again vacated the premises, by his testimony, some time thereafter. Mr. Delaney had a drinking problem, which has included license suspensions. Nonetheless, he has made a serious effort to overcome this problem. It appears that he understands the problem, has been alcohol free for at least a year and attributes his not drinking to the realization that he must set an example for the son. "He is probably the only reason I can stop and do it, no problem."
By the decree of divorce the mother's name was changed from Virginia Delaney to Virginia Brown. She asked her attorney whether they could address the question of change of the child's name at that time. The attorney advised her not to address the issue at that time but advised her "If you want to use the last name Brown go ahead and use it, you don't need to do anything legally." The court does not pass judgment on the efficacy of that advice, or whether it was in fact given, but the court does determine that Virginia Brown honestly and genuinely believed and believes that such advice was given and that she accepted the advice as a valid statement of law.
The Brown family is a very close and hospitable group of relatives. The child spends substantial time with Virginia Brown's brother, Tony Brown and his three children. He has a close relationship with his grandfather and grandmother Brown. CT Page 7511 He views himself on a day-to-day basis as a part of the Brown family.
The child has repeatedly asked and insisted that he be called Brown. At school he has become very upset when referred to as Delaney rather than Brown. He independently signs his name Brown. Neighborhood children refer to him as Brown.
His teacher at St. Thomas the Apostle School is Miss Donna Corrario. She testified: "And Robert is a very mild child who follows the program and the rules of the classroom. And for him, he would stand up and he would be shaking, physically shaking and his voice would become very loud and he's say, my name is not Delaney, it's Brown. I could see he was very upset. And it interferred [interfered] with his ability to continue." The boy is very comfortable in school with the name Brown.
Miss Corrario holds a Masters Degree in Early Childhood Development. The parties agreed that she qualified as an expert in that field. The court credits her opinion that to require him to be Delaney rather than Brown would definitely be detrimental to Robert's development.
The court determines that it is not specific animosity towards the name Delaney which causes the boy's extreme frustration, but rather the failure to refer to him by the name to which he identifies, Brown.
The child holds no ill will as concerns his father, Gary Delaney. To the contrary, the evidence indicates that Mr. Delaney supports his son, maintains a frequent visitation schedule with his son, and there is a genuine bond of love and affection between father and son. Virginia Brown holds no doubt that Gary Delaney loves his son, and with this view the court is in agreement.
This court determines that it is in the best interest of the child that the child have the last name Brown. See Don v. Don, 142 Conn. 309, 310, 311. The court further determines that for sound reason the name Delaney should also be included in the child's name. In this fashion the bond between father and son can be preserved and enhanced, and the relationship between the changed name and the birth name will appear of record to obviate any confusion when the child, in later life, is required to produce documentation of name at birth. CT Page 7512
The appellee, in a most responsible fashion, filed with this court a Request Leave to File Amended Petition to request, in the alternative, that the name be changed to Robert Joseph Delaney Brown. The court notes that Mr. Delaney was prevented by accident from attending the Probate Court hearing, and does not conclude that his failure to so attend was due to disinterest in this matter. The court does grant the application to amend the petition. Without such application, the court would have so exercised its inherent power in this matter. The change of name makes no change in the relationship of parent and child. Don v. Don, supra, p. 312.
It is the judgment and the order of the court that the name of the child be changed from Robert Joseph Delaney to Robert Joseph Delaney Brown.
Sullivan, J.