[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the appellee-mother's motion to dismiss an appeal from a decision of the Putnam Probate Court, which appeal was lodged by the father of a child whose name was ordered changed by CT Page 9822-L the Probate Court.
On May 21, 1996, the Probate Court granted a petition for a change of surname for the minor child. The child's mother had filed the petition on behalf of her son. The child's father appeared in the probate matter and opposed the change. The child's parents were never married to each other, and the child bore the mother's surname until the name change was granted. The mother has been the sole custodian of the child as a result of a Superior Court decree on December 5, 1994. The child has never used the father's surname, and the father makes no claim that the child should have his name. He objects to changing the child's present surname from the mother's former surname to her new surname.
On July 11, 1996, the father commenced this appeal. On September 16, 1996, the mother moved to dismiss the appeal contending that the child's father lacks the requisite aggrievement for standing to appeal under G.S. § 45a-186. Other grounds for the motion were abandoned at a hearing held on this motion on November 18, 1996. CT Page 9822-M
A court considering the propriety of a name change for a minor must decide whether that change would be in the child's best interest and welfare. Don v. Don, 142 Conn. 309, 312 (1955). A parent has a constitutionally protected right to the "care, custody, and management of his child". Buchholz's Appeal,9 Conn. App. 413, 418 (1987). Every parent has a "personal stake and interest in the outcome of a controversy regarding his minor child". Id. Clearly, one's child's name is a fundamental element of the care and management of the child.
The issue for the court becomes whether the facts that the child was born to unmarried parents and that the appellant is the noncustodial parent alters the general rule of aggrievement stated in Buchholz's Appeal, supra. The court holds that the facts do not deprive the father of standing to appeal from the Probate Court decision changing the name of his son.
At early common law, the father of an illegitimate child had no rights nor obligations with respect to the child. 2 Child Custody and Visitation Law and Practice, § 10.05[3]. CT Page 9822-N Statutory and case law evolved to confer certain rights and duties. Id., § 10.05[4] and [5]. A noncustodial parent generally retains the right to have a child bear his surname and has a right to contest a change of the child's name. 2 A. Haralambie, Handling Child Custody, Abuse, and Adoption Cases, § 4.29.
The contention that the custodial parent has an absolute right to determine the surname of the child and that the noncustodial parent, therefore, lacks standing to institute proceedings attacking that determination, has been rejected in other jurisdictions. Petition of Schidlmeier, 496 A.2d 1249, 1252
(Pa.Super. 1985). In that case, a noncustodial parent was permitted to petition the court to order that his child bear his surname rather than the mother's former name. That decision noted that while one parent may currently have custody that situation is subject to change upon death, disability, or court order. Id., 1253.
Indeed, the case relied upon by the movant, Don v. Don,
supra, was a case in which a noncustodial parent appealed from a CT Page 9822-O change of name granted by the Superior Court. Surely, our Supreme Court would have noted and addressed a lack of standing to appeal on the part of a noncustodial parent as an absence of standing implicates subject matter jurisdiction. The retention of jurisdiction over the appeal implies that a noncustodial parent has a sufficient stake in a change of name action to establish standing to appeal.
The court concludes that the appellant is aggrieved by the decision of the Probate Court, and the motion to dismiss is denied.
Sferrazza, J. CT Page 9822-P