[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR CHANGE OF NAME
This is an application for change of name pursuant to Practice Book § 9-24 and Connecticut General Statutes § 52-11 brought on behalf of Zane Cameron Peterson by his father, guardian and next friend, Frederick Silva. The respondent, Verna Peterson, is the mother of the minor child. Many of the facts that give rise to this application are not in dispute. The minor child, Zane Cameron Peterson, was born on June 24, 1998. On the date of his birth, his paternity was disputed. The respondent, Verna Peterson, named her then boyfriend and current husband, James Peterson, as the minor child's father on the birth certificate. A few months after the child was born, DNA testing verified that James Peterson was not the father of the minor child. The respondent subsequently informed the applicant, Frederick Silva, that he was the father of the minor child. Mr. Silva requested DNA blood tests to verify paternity. A Probate Court subsequently issued an order finding that the applicant Frederick Silva was the father of the minor CT Page 6058 child, lie subsequently filed a petition to obtain visitation rights with the minor which was granted by this court.
In determining whether the application for change of name should be granted, the court is bound to consider the best interests of the minor child. In Don v. Don, 142 Conn. 300, 311-312 (1955) the court stated in part as follows:
 Whether an application for a change of name should be granted is a matter which rests in the sound discretion of the court. In exercising that discretion, the court should bear in mind that, generally speaking, independently of any court order, a person is free to adopt and use any name he sees fit. Lewis v. Scoville, 94 Conn. 79, 85, 108 A. 501; Salomon v. Hopkins, 61 Conn. 47, 49, 23 A. 716. Ordinarily, therefore, an application for a change of name should be granted unless it appears that the use of the new name by the applicant will result in injury to some other person with respect to his legal rights, as, for instance, by facilitating unfair competition or fraud. Reinken v. Reinken, 351 Ill. 409, 413, 184 N.E. 639; Buyarsky, Petitioner, 322 Mass. 335, 338, 77 N.E.2d 216; 65 C.J.S. 19, 11(a). When the question presented is whether the name of a minor child should be changed, the court, in line with its universal duty to protect the interests of minors, must take into consideration whether the change of name will promote the child's best welfare.
The respondent seeks to have this court reverse the decision in Don v.Don. This court rejects that request. The respondent further claims that the minor child has a constitutional interest in his change of name, and therefore the court should apply the clear and convincing evidence test rather than the test of a fair preponderance of the evidence. The court finds that the minor child does not have a constitutional right regarding his name, and therefore this court has applied the fair preponderance of the evidence test. In applying the fair preponderance of the evidence test, this court finds that the change of name for the minor child from the last name of Peterson to the last name of Silva, is in the best interest of the minor child. This court further finds that the new name of the minor child will not result in injury to some other person with respect to such person's legal rights. This court therefore orders that the respondent immediately take steps to obtain a new (not corrected) birth certificate showing that the applicant, Frederick Silva, is the father of the minor child, and further showing that the CT Page 6059 child's name is changed to Zane Cameron Silva.
Axelrod, J.