EUGENE H. LORD *vs.* ANNE W. CUMMINGS.

Plymouth.　May 4, 1939. — June 30, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Probate Court,* Jurisdiction, Proceedings in equity, Change of name. *Name.*

A probate court had no jurisdiction in equity of a petition by a divorced father to enjoin his former wife from doing anything to effectuate a change of name of a minor child of the parties.

PETITION IN EQUITY, filed in the Probate Court for the county of Plymouth on June 3, 1938, and afterward amended.

The case was heard on demurrer by *Poland,* J.

*T. J. Boynton & F. Wilson,* for the petitioner, submitted a brief.

*G. L. Wainwright,* (*D. W. Wilbar* with him,) for the respondent.

COX, J. The petitioner brought a petition in equity in the Probate Court for Plymouth County in which he alleged, among other things, that the respondent, who on April 7, 1930, was granted a decree *nisi* on a libel for divorce against him, and also the custody of their minor children, which decree became absolute, had caused the minor children to adopt and use another name than their own without the authority or action of any court. He prayed for an injunction to restrain the respondent from doing any thing to effectuate a change in the lawful names of their minor children. The respondent demurred to the petition, and a decree was entered sustaining the demurrer and dismissing the petition without prejudice to the right of the petitioner to raise the issue stated in any other proceeding. The petitioner appealed.

If we assume, without deciding, that the subject matter of this petition comes within the general principles of equity jurisprudence, nevertheless we are of the opinion

that the Probate Court has no jurisdiction. It was the duty of the Probate Court to consider such a point of its own motion. *Baldwin* v. *Wilbraham,* 140 Mass. 459. *Commonwealth* v. *Andler,* 247 Mass. 580, and cases cited. *Jones* v. *Jones,* 297 Mass. 198, 202. *Golden* v. *Crawshaw,* 302 Mass. 343.

It is well settled that at common law a person may assume or be known by different names, and that contracts and transactions entered into under such names will be valid and binding if unaffected by fraud. *Minot* v. *Curtis,* 7 Mass. 441. *William Gilligan Co.* v. *Casey,* 205 Mass. 26, 31. See *Rand* v. *Farquhar,* 226 Mass. 91, 97; *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 352; *Farnum* v. *Bankers & Shippers Ins. Co.* 281 Mass. 364, 369; *Bridges* v. *Hart,* 302 Mass. 239. G. L. (Ter. Ed.) c. 210, § 12, provides that a petition for the change of name of a person may be heard by the Probate Court in the county where the petitioner resides, and that no change of the name of a person, except upon the adoption of a child under the provisions of said c. 210 or upon the marriage or divorce of a woman, shall be lawful unless made by said court for a sufficient reason consistent with public interests. The first statute enacted in this Commonwealth upon this subject matter was St. 1851, c. 256, by which, among other things, the judges of probate were given power to hear and determine all applications for change of name (§ 1).

G. L. (Ter. Ed.) c. 215, § 3, sets out the matters within the general jurisdiction of probate courts including petitions "for change of names." Section 6 of said c. 215, as amended by St. 1937, c. 257, provides that probate courts shall have jurisdiction in equity, concurrent with the Supreme Judicial Court and the Superior Court, of certain specified matters, and of all other matters of which they now have or may hereafter be given jurisdiction, together with certain other matters therein enumerated, but not including either directly or indirectly petitions for change of name or any matters relating thereto.

Probate courts are not courts of general equity jurisdiction. "They have equity jurisdiction only in those

cases where it is expressly conferred upon them. . . ."
*Bailey* v. *Dillon,* 186 Mass. 244, 247. "The powers of the
court of probate are for the most part defined and fixed by
statutes. . . . It has no equity powers, except where they
are conferred by statute. . . ." *Sullings* v. *Richmond,*
5 Allen, 187, 192; and the "jurisdiction conferred on pro-
bate courts by this statute [G. L. (Ter. Ed.) c. 215, § 6]
. . . is limited to 'jurisdiction within the scope of general
equity jurisprudence as to the cases and matters therein
named.' *Abbott* v. *Gaskins,* 181 Mass. 501, 505." *Jones* v.
*Jones,* 297 Mass. 198, 203. See *Mitchell* v. *Weaver,* 242
Mass. 331, 336. The situation is different from that in
the case of petitions for separate support brought under
G. L. (Ter. Ed.) c. 209, § 32 (see St. 1938, c. 136), where,
by § 33 of said chapter (as amended by St. 1933, c. 360)
§ 33 of G. L. (Ter. Ed.) c. 208 (as amended by St. 1936,
c. 221) is made applicable to such petitions. Said § 33 of
c. 208, as amended, provides that the court may, if the
course of proceeding is not specially prescribed, hear and
determine all matters coming within the purview of said
chapter, which relates to divorce, according to the course
of proceedings in ecclesiastical courts or in courts of equity,
see *Bailey* v. *Dillon,* 186 Mass. 244, 247, 248, and in such
proceedings (for divorce) the court shall have jurisdic-
tion of all causes cognizable under the general principles
of equity jurisprudence, arising between husband and wife,
such jurisdiction to be exercised in accordance with the
usual course of practice in equity proceedings. We think
that the provisions for the change of names appearing in
G. L. (Ter. Ed.) c. 210, distinct and apart, as they are, from
G. L. (Ter. Ed.) c. 208, entitled "Divorce," and G. L. (Ter.
Ed.) c. 209, entitled "Husband and Wife," are not the
subject matter of any equity jurisdiction on the part of the
probate courts.

The result is that the appeal to this court is dismissed.
*Henry L. Sawyer Co.* v. *Boyajian, ante,* 311, 314–315,
and cases cited.

*Ordered accordingly.*