ISRAEL MEROLEVITZ & others, petitioners.

Hampden.    September 19, 1946. — November 29, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Name.    Probate Court,* Change of name.

If acting for an honest purpose, one may lawfully use a name other than his legal name without procuring a change of name under G. L. (Ter. Ed.) c. 210, § 12.

The fact, that since graduation from high school one had honestly used a name other than his legal name in his business and banking and had been known by the other name to all his associates and friends, was "a sufficient reason consistent with public interests" for changing his name and that of his wife and children to such other name under G. L. (Ter. Ed.) c. 210, § 12, and required allowance of a petition by him and them for the change.

PETITION, filed in the Probate Court for the county of Hampden on October 15, 1945.

The case was heard by *Stapleton,* J.

*R. Lasker & L. S. Bardach,* for the petitioners, submitted a brief.

SPALDING, J.    This petition is brought under G. L. (Ter. Ed.) c. 210, § 12, and § 13 as amended by St. 1943, c. 155, § 2, to change the name of Israel Merolevitz to Irving Merrill and that of his wife and children from Merolevitz to Merrill.    The requirements of § 13 as to public notice of the petition were complied with and no person objected thereto.    The petition was denied and the petitioners appealed.    The material facts are reported on request of the petitioners in accordance with G. L. (Ter. Ed.) c. 215, § 11. The evidence is not reported.

The petition recites that Israel Merolevitz was born in Springfield, Massachusetts, on October 1, 1913, where he has always resided, that his occupation is that of an auditor and that he wishes to change his name for the reason that he has used the name Irving Merrill in his business for the past fifteen years and is known to all his friends and associates by that name.    From the report of material facts it

appears that the petitioner Israel Merolevitz has used the
name Merrill since he graduated from high school in 1930
and is known to his friends as Merrill, that he is in the oil
business, that he is a director, assistant treasurer, clerk and
general manager of Crown Petroleum Corporation under
the name of Merrill, that his bank account is in the name
of Merrill, and that his brother's name has been changed
to Merrill by a decree of the Probate Court for Hampshire
County.  The judge also found: "From the fact that the
petitioner was married under the name of Israel Merolevitz
and that the birth records of his children are recorded as
Merolevitz [as disclosed by certificates filed with the peti-
tion], I find that his use of the name Irving Merrill was not
in the belief that his true name was such, nor was it by
accident or mistake.  I find that his use of the name Irving
Merrill, described by counsel, was not lawful, under the
provisions of G. L. (Ter. Ed.) c. 210, § 12, and that such
future use would not be for a sufficient reason consistent
with public interest."

The decree must stand or fall on these findings, and no
fact not expressly found will be implied.  *Sidlow* v. *Gosselin*,
310 Mass. 395, 397.  *Carilli Construction Co.* v. *John Basile
& Co. Inc.* 317 Mass. 726, 727.  We think that the findings
do not support the decree.  Section 12 of G. L. (Ter. Ed.)
c. 210 reads as follows: "A petition for the change of name
of a person may be heard by the probate court in the county
where the petitioner resides.  No change of the name of
a person, except upon the adoption of a child under this
chapter or upon the marriage or divorce of a woman, shall
be lawful unless made by said court for a sufficient reason
consistent with public interests."  The first statute enacted
in this Commonwealth allowing a change of name by
judicial decree was St. 1851, c. 256, § 1.  That statute
provided in substance that no lawful change of name should
be made unless for sufficient reason consistent with the
public interest and satisfactory to the court, and was re-
enacted in substantially the same form up to and including
the Revised Laws.  (Gen. Sts. [1860] c. 110, § 11.  Pub.
Sts. [1882] c. 148, § 12.  R. L. [1902] c. 154, § 12.)  In its

present form in the General Laws the provision that the proposed change must be satisfactory to the court has been omitted, and the sole limitation upon the granting of a petition for a change of name is that it must be "for a sufficient reason consistent with public interests."

It is well settled that at common law a person may change his name at will, without resort to legal proceedings, by merely adopting another name, provided that this is done for an honest purpose. *William Gilligan Co. v. Casey*, 205 Mass. 26, 31. *Lord v. Cummings*, 303 Mass. 457, 458. *In re Ross*, 8 Cal. (2d) 608. *Loser v. Plainfield Savings Bank*, 149 Iowa, 672. *Smith v. United States Casualty Co.* 197 N. Y. 420. *Huff v. State Election Board*, 168 Okla. 277. *State v. Ford*, 89 Ore. 121. *Laflin & Rand Co. v. Steytler*, 146 Penn. St. 434. *Brayton v. Beall*, 73 S. C. 308. *Doe v. Yates*, 5 B. & Ald. 544, 556. 38 Am. Jur., Name, § 28. In jurisdictions where this subject has been regulated by statute, it has generally been held that such legislation is merely in aid of the common law and does not abrogate it. *In re Ross*, 8 Cal. (2d) 608, 609. *Reinken v. Reinken*, 351 Ill. 409, 413. *Smith v. United States Casualty Co.* 197 N. Y. 420, 429. *Laflin & Rand Co. v. Steytler*, 146 Penn. St. 434, 442. *Brayton v. Beall*, 73 S. C. 308, 311. We assume, in view of the wording of our statute (G. L. [Ter. Ed.] c. 210, § 12), that it provides the only method by which one can change his name with legal effect. But it does not follow that one may not assume or use another name without resort to the statute if such use is for an honest purpose. In numerous cases decided after the passage of the statute it has been recognized that without compliance with it one may use another name for transacting business, making contracts, instituting or defending law suits, and acquiring and transferring title to property, where such use is not tainted by fraud. *William Gilligan Co. v. Casey*, 205 Mass. 26. *Phipps v. Little*, 213 Mass. 414, 416. *Crompton v. Williams*, 216 Mass. 184, 186–187. *Rand v. Farquhar*, 226 Mass. 91, 97. *Liddell v. Middlesex Motor Co.* 275 Mass. 346, 352. *Farnum v. Bankers & Shippers Ins. Co.* 281 Mass. 364, 369. *Lord v. Cummings*, 303 Mass. 457, 458.

Section 12, construed in the light of these decisions, does not in our opinion require compliance with its provisions in order that one may use another name, if such use is for an honest purpose. Consequently the ruling of the judge that the prior use of the name Merrill by the petitioner Israel was "not lawful" under § 12 is not correct under the findings. There are no findings that Israel's use of the name Merrill was for a fraudulent or other illegal purpose. We think that the proper conclusion on the facts found is that the reasons for the proposed change of name are sufficient and consistent with the public interest.

The decree entered by the judge is reversed, and instead a final decree is to be entered allowing the petition.

*So ordered.*