Frank Buyarsky & others, petitioners.

Middlesex.        January 8, 1948. — February 2, 1948.

Present: Qua, C.J., Lummus, Dolan, Ronan, & Williams, JJ.

*Name. Probate Court, Change of name. Res Judicata.*

Honest use by one Frank Buyarsky of the name Frank Byers for many years in connection with his business, banking, life insurance and otherwise, showed "a sufficient reason consistent with public interests" for allowance of a petition under G. L. (Ter. Ed.) c. 210, § 12, for change of his surname and that of his wife and children to Byers notwithstanding occasional inconvenience to a contestant named Frank H. Byers through confusion respecting checks and telephone calls.

A petition for change of name under G. L. (Ter. Ed.) c. 210, § 12, was not barred on the ground of res judicata by the denial of a like petition by the same petitioner seven years before.

Petition, filed in the Probate Court for the county of Middlesex on March 5, 1947.

The case was heard by *Poland*, J.

*M. Shapiro*, for the petitioners, submitted a brief.

Ronan, J. This is a petition filed in the Probate Court for Middlesex County under G. L. (Ter. Ed.) c. 210, §§ 12–14,

by Frank Buyarsky, his wife and two minor children, seeking to change their surnames to Byers for the reason that Frank Buyarsky has for the last fifteen years been known by his business and fraternal associates as Frank Byers and the remaining petitioners are known in the community by the name of Byers. The granting of the petition was opposed by one Frank H. Byers, who conducted a general insurance business in the same city in which the petitioners resided. The petitioners appealed from a final decree dismissing the petition.

Frank Buyarsky, hereinafter called the petitioner, testified that he had assumed the name of Frank Byers soon after he graduated from high school in 1932, and had used it in the different occupations and businesses in which he was engaged; that he had since December, 1942, conducted a home furnishings store, selling goods on the instalment plan under the name and style of "Washington Home Equipment, Frank Byers, Proprietor," doing an annual business of $100,000 a year and having outstanding accounts receivable amounting to over $40,000; that he employed seven persons in this business and had customers in Lowell, Lawrence, Haverhill and Woburn, and in Nashua, New Hampshire; that his customers were furnished with a book, which he produced and which contained the above quoted name under which he did business; that all of the customers knew him as Byers; that he advertised in the newspapers and telephone directory under the above described name and style; and that his bank accounts were in the name of Frank Byers and he used this name in signing all his checks. From 1936 to 1946 he had purchased five insurance policies insuring his life under the name of Frank Byers, designating as beneficiary his wife, who was described as Polly B. Byers. His elder child, who was nine years of age, was enrolled in a public school as Harvey Byers. The petitioner's uncle had been named Philip Byers since he became a citizen over twenty years ago. The petitioner's brother William and his wife changed their names to Byers by virtue of a decree of the Probate Court in an adjoining county on January 15, 1947. The Probate Court of Middle-

sex County had refused the petition of the petitioner's brother to change his name. The various policies, the certificate of his son's enrollment in school and a copy of the decree granting William and his wife the right to change their names were admitted in evidence. Other witnesses testified to knowing the petitioner only by the name of Byers. The contestant, other than showing that Frank Buyarsky registered his automobile in that name, did not really attack the veracity of the petitioner's testimony. The objections of the contestant to the granting of the petition were that during the last few years on six or seven occasions checks of the petitioner were confused with checks of his at the bank where one had an account in the name of Frank Byers and the other in the name of Frank H. Byers, that the name of the petitioner as Frank Byers appeared next to his in the telephone directory, that on a few occasions he had been called to the telephone by persons who intended to speak to the petitioner, and that the telephone company had refused to remove the name of Frank Byers from the listing or to change the order of listing so that the petitioner's name would not appear just above his.

The judge made no findings of fact, and the decree dismissing the petition imports the finding of all subsidiary facts necessary to support it. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561. *Marshall* v. *Landau*, 308 Mass. 239, 241.

The statute, G. L. (Ter. Ed.) c. 210, § 12, authorizes the granting of a petition for change of name if found by the judge to be "for a sufficient reason consistent with public interests." The dismissal of the petition implies a finding that there was no such reason shown by the petitioners. We have a report of the evidence and can find the facts for ourselves, and can make findings in addition to those made by the judge and findings contrary to those made by him if we are satisfied that his findings are plainly wrong. *Flower* v. *Billerica*, 320 Mass. 193. *Gordon* v. *O'Brien*, 320 Mass. 739. *265 Tremont Street, Inc.* v. *Hamilburg*, 321 Mass. 353. *Jays Inc.* v. *Jay-Originals Inc.* 321 Mass. 737. *Saragan* v. *Bousquet*, ante, 14. *White* v. *White*, ante, 30. *Mullins* v. *Riopel*, ante, 256.

Here the oral testimony introduced by the petitioner was supported in material aspects by documentary evidence and by certain facts which were apparently beyond dispute, and showed that for a number of years he had assumed the name of Byers. Indeed, the gist of the testimony of the contestant was not that the petitioner had not assumed the name of Byers but that, because he had adopted that name, he had inconvenienced the contestant. The latter had successfully opposed the granting of a previous petition. The evidence given by the contestant, which was generally favorable to the petitioner and tended to support the petition, — especially when it related to so readily an ascertainable fact as the petitioner's checking account kept in the name of Frank Byers, and to so notorious a matter as the listing of the petitioner in the name of Frank Byers in a telephone directory — would seem to be entitled to considerable weight. In the next place, there is not the slightest evidence that the petitioner was actuated by any dishonest purpose in taking the name of Frank Byers. A man, if acting honestly, may assume any name he desires and by which he wishes to be known in the community in which he lives or in the trade circles in which he does his business. The law does not require a man to retain and to perpetuate the surname of his ancestors. The common law recognizes his freedom of choice to assume a name which he deems more appropriate and advantageous to him than his family name in his present circumstances, if the change is not motivated by fraudulent intent. The statute, G. L. (Ter. Ed.) c. 210, § 12, does not restrict his choice but aids him to secure an official record which definitely and specifically establishes his change of name. We think that it is not only consistent with but also desirable in the public interests that the fact that one has commonly used a name for a number of years should be fixed and established by a public record showing that the name adopted has become his legal name. Any confusion that might have attended the use of a name honestly assumed by one is dispelled by a record showing that that name is his legal name. The minor inconveniences experienced by

the contestant do not demonstrate that the change sought by the petitioners would be adverse to the public interests. We need not repeat what was said in *Merolevitz, petitioner,* 320 Mass. 448, where the matter has recently been fully discussed. The judge was plainly wrong in finding that the petitioners had failed to prove a sufficient reason consistent with the public interests for a change of their surnames to Byers.

A similar petition brought by Buyarsky alone was dismissed after a hearing in 1940. The grounds for this decision do not appear. The instant petition was dismissed on May 2, 1947. It may be, as indicated by questions put by the judge to the petitioner, that he dismissed the petition because he found that there had been no material changes in the petitioner's situation since the dismissal of the previous petition. The petitioner, however, was not seeking to vacate the decree · entered in 1940. He was seeking to maintain a new· petition, which he filed nearly seven years after the first one. He would be estopped to contend that he then was entitled to have the court decree a change of his name to Byers. He could not relitigate any issues settled in the previous proceeding but the events occurring since 1940 could not have been adjudicated on the first petition, and the first petition did not bar the maintenance of the present petition. *Burlen* v. *Shannon,* 99 Mass. 200. *Foye* v. *Patch,* 132 Mass. 105. *Gerrish* v. *Gerrish,* 249 Mass. 219. *Binney* v. *Attorney General,* 259 Mass. 539. *Watson* v. *Berman,* 302 Mass. 305. *Cochrane* v. *Cochrane,* 303 Mass. 467.

The final decree is reversed, and a decree is to be entered granting the petition.

<div align="right">

*So ordered.*