ALFRED J. MARK *vs.* HAROLD KAHN & another.

Middlesex.   December 7, 1955. — February 3, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Name. Equity Jurisdiction,* Name of child, Personal rights. *Parent and Child. Minor. Jurisdiction,* Raising question of jurisdiction, By consent or waiver. *Equity Pleading and Practice,* Rehearing.

This court of its own motion considered the question whether or not the trial court had jurisdiction of the subject matter of a proceeding although the question was not raised there or in this court. [519]

A court of general equity jurisdiction has power, in appropriate circumstances, to grant to the father of a minor child of divorced parents in the custody of his mother relief by enjoining her from using as the child's surname in school registration or otherwise a surname other than that of the father. [519–520]

The best interest of a minor child of divorced parents in the custody of his mother governs the determination of the question whether the father is entitled to have the mother enjoined from using as the child's surname one other than that of the father. [521–522]

On appeal from the final decree in a suit in equity, with a report of the evidence and a report of material facts, the decree was reversed and the suit remanded to the trial court for further hearing where the findings of the judge were inadequate on the crucial and controlling issue of fact. [522]

BILL IN EQUITY, filed in the Superior Court on December 3, 1953.

The suit was heard by *O'Brien,* J.

*Phillip J. Nexon,* for the defendants.

*Samuel H. Cohen,* for the plaintiff.

SPALDING, J.   The plaintiff brings this bill in equity to enjoin the defendant Ann R. Kahn, his former wife who has remarried, from registering their minor children at school under the surname Kahn, which is her present name, or from representing that their name is Kahn. Although her husband is also a defendant we shall, for convenience, refer to Ann R. Kahn sometimes hereinafter as the defendant.

The evidence is reported and the judge made findings of material facts.

The relevant facts are these: Of the marriage of the plaintiff to the defendant two children, a son, Theodore E. Mark, and a daughter, Leslie R. Mark, were born. At the time of the hearing below their ages were thirteen and ten respectively. In June of 1948 the defendant obtained a decree nisi of divorce from the plaintiff which became absolute on or about January 1, 1949. Under the decree the defendant was awarded custody of the two children and the plaintiff was ordered to pay $120 weekly for the support of the defendant and the children. There were additional provisions for the support and education of the children by agreement of the parties but they need not concern us. This order was complied with until August 23, 1953, when the defendant married Harold Kahn. Thereafter the support order was modified so as to provide for weekly payments of $60 for the support of the children. Kahn, the defendant's present husband, has three children by a prior marriage. Thus there are at the present time five children in the Kahn household. Some of the Kahn children and the plaintiff's daughter Leslie attend the same grammar school. Theodore is a student at a junior high school. In 1953 the defendant registered Theodore and Leslie in school under the surname Kahn.

The plaintiff has remarried. The marriage took place in Elkton, Maryland, on March 31, 1949, three months after the divorce decree in this Commonwealth became absolute. Finding that the plaintiff's remarriage in Maryland was invalid in this Commonwealth (presumably by reason of G. L. [Ter. Ed.] c. 208, § 24, and c. 207, § 10), the judge further found that "it does not cause embarrassment to the Mark children." The judge stated that while he was mindful of the principles enunciated in *Merolevitz, petitioner,* 320 Mass. 448, and *Buyarsky, petitioner,* 322 Mass. 335, nevertheless, he was of opinion that the case at bar was not governed by them. "The use by the Mark children, at the insistence of the defendants, of the surname Kahn is not for

a fraudulent or other illegal purpose; it is however motivated by a spirit of hostility on the part of the defendants toward the plaintiff . . . rather than a desire to further the children's best interest." He ordered the entry of a decree enjoining the defendants from registering Theodore and Leslie in school under the surname of Kahn or from representing that the surname of the children is Kahn. From a decree entered accordingly the defendants appealed.

Whether a parent having custody of a minor child pursuant to a decree of divorce may change the surname of such child or cause him to be called by a different name in the face of opposition of the former spouse, is a question that has never been decided by this court. Such a question was presented in *Lord* v. *Cummings,* 303 Mass. 457, in a petition in equity brought in the Probate Court but the court refused to decide it because it was not a matter within the equity jurisdiction granted to the Probate Courts.[1] The question whether the subject matter of the petition was within the general principles of equity jurisprudence was left open. In the present proceeding we are squarely faced with this question. To be sure, the point was not raised in the court below and it has not been raised here. But consent or waiver by the parties cannot confer jurisdiction over a cause where none exists. Hence it is our duty to notice the point of our own motion. *Baldwin* v. *Wilbraham,* 140 Mass. 459. *Eaton* v. *Eaton,* 233 Mass. 351, 364. *Commonwealth* v. *Andler,* 247 Mass. 580, 582.

The question presented not only is one of first impression in this Commonwealth but from a careful search of the authorities does not appear to have been passed on elsewhere. There are several decisions dealing with the right of one spouse to change the surname of a minor child in the face of opposition of the other spouse, but these cases have arisen either under a statute expressly empowering the court to grant such relief or as incidental to divorce proceed-

[1] That was a petition by a father to enjoin his divorced wife, who was given custody of their minor child, from doing anything to effectuate a change of the child's name.

ings. See *Clinton* v. *Morrow*, 220 Ark. 377; *Don* v. *Don*, 142 Conn. 309; *Garnier* v. *Racivitch*, 216 La. 241; *Matter of Epstein*, 121 Misc. (N. Y.) 151; *Application of Wittlin*, 61 N. Y. Sup. (2d) 726; *Matter of Almosnino*, 204 Misc. (N. Y.) 53; *S.C.* 204 Misc. (N. Y.) 57; *Kay* v. *Kay*, 112 N. E. (2d) 562 (Ohio Common Pleas); *Rounick's petition*, 47 D. & C. (Pa.) 71 (Common Pleas). In some of these cases the petition to change the name of the minor child was granted and in others it was denied. But none is authority for the proposition that one spouse may invoke the aid of a court of equity to prevent the other from registering the child in school under a surname different from that of the complaining spouse or from representing that the child's name is different.

We are of opinion that the relief sought by the plaintiff here is one that a court of equity ought to grant in appropriate instances. The old notion that equity will protect only property rights, which stems from a dictum of Lord Eldon in *Gee* v. *Pritchard*, 2 Swanst. 402, was repudiated by this court recently in *Kenyon* v. *Chicopee*, 320 Mass. 528, 532. There it was said at page 534, "We believe the true rule to be that equity will protect personal rights by injunction upon the same conditions upon which it will protect property rights by injunction. In general, these conditions are, that unless relief is granted a substantial right of the plaintiff will be impaired to a material degree; that the remedy at law is inadequate; and that injunctive relief can be applied with practical success and without imposing an impossible burden on the court or bringing its processes into disrepute." Tested by these principles the present case, we think, is one where the aid of a court of equity may properly be invoked.

Previously this court has said that at common law a person could change his name at will, without resort to legal proceedings, by merely adopting another name, provided that this was done for an honest purpose. *Merolevitz, petitioner*, 320 Mass. 448, 450. The statute regulating the changing of names, G. L. (Ter. Ed.) c. 210, § 12, does not restrict

a person's choice of name but aids him in securing an official record which definitely and specifically establishes his change of name. *Buyarsky, petitioner,* 322 Mass. 335, 338.

In the present case no court action seeking to change the children's surname has been brought; rather their mother has attempted by her own act to have the children of her first marriage adopt the surname of their stepfather. It does not follow that because one may adopt any name he may choose, so long as such change is not made for fraudulent purposes, *Merolevitz, petitioner,* 320 Mass. 448, a parent may select for a child a name different from that by which such child is known. *Kay* v. *Bell,* 95 Ohio App. 520, 525. It does not appear here that the plaintiff's children have ever consented to being called Kahn. However, in view of their ages their consent would not necessarily be decisive. Until they reach an age when they are capable of making an intelligent choice in the matter of their name they ought not to have another name foisted upon them which they may later reject. Prior to that time one in the plaintiff's position ought to have the right to be heard to prevent a change or use of a name different from that of their birth. The bond between a father and his children in circumstances like the present is tenuous at best and if their name is changed that bond may be weakened if not destroyed. We recognize that here the defendant may not have effected an actual change of the children's name but by registering them at school under the name of Kahn she has gone far in that direction. We perceive no insuperable difficulties in enforcing decrees granting injunctive relief in cases of this sort.

In the cases cited above dealing with change of names of children either under statutes or as incidental to divorce proceedings the following factors have been deemed to be relevant. When a father supports a child, and manifests a continuing interest in his welfare, and without unreasonable delay objects to an attempted change of name, the court must decide the issue by determining what is for the child's best interest. *Kay* v. *Kay,* 112 N. E. (2d) 562 (Ohio Common Pleas). A change of name may not be in the child's best

interest if the effect of such change is to contribute to the further estrangement of the child from a father who exhibits a desire to preserve the parental relationship. *Rounick's petition*, 47 D. & C. (Pa.) 71 (Common Pleas). Undoubtedly there are instances when an informal change to the surname of a stepfather would be in the best interests of the child. A father who completely abandons a child, or is indifferent to a child's welfare or has by his serious misconduct caused the child embarrassment, can by his actions lose the right to successfully protest the child's change of name. See *Rounick's petition*, 47 D. & C. (Pa.) 71 (Common Pleas); *Matter of Almosnino*, 204 Misc. (N. Y.) 53; *S. C.* 204 Misc. (N. Y.) 57. There may be other factors, but these are the ones likely to be decisive in most cases.

With these principles in mind we turn to the decision of the judge below. He found that "The use by the Mark children, at the insistence of the defendants, of the surname Kahn . . . [was] motivated by a spirit of hostility on the part of the defendants toward . . . [the father]." It is doubtful whether this finding is supported by the evidence.[1] But be that as it may, there are lacking here sufficient findings to support the decree below. On the crucial and controlling issue whether the use of the name Kahn was for the best welfare of the children the findings tell us little. Conceivably the trial judge had that consideration in mind but his decision appears to have been based on the defendants' motive rather than what was best for the children. "Where the facts on which the rights of the parties depend have not been ascertained at the trial it is within the power of the court, in its discretion and of its own motion, to recommit the cause for re-trial." *DeVeer* v. *Pierson*, 222 Mass. 167,

---

[1] All that the evidence shows on this issue is that on two occasions the plaintiff talked to Mrs. Kahn over the telephone protesting her action. On the first occasion she told the plaintiff that he would have to discuss the matter with her husband. On the second occasion Mrs. Kahn broke off the conversation by hanging up the telephone. On another occasion the plaintiff had a telephone conversation with Mr. Kahn in which he told Kahn that he had no right to change the name of his children. Kahn said that his lawyer told him that he could and that "that is the way it was and that is the way it was going to continue."

175. *Smith* v. *Commonwealth*, 331 Mass. 585, 593–594, and cases cited.

Accordingly the decree must be reversed and the case is to be further heard in conformity with this opinion.

*So ordered.*