PETITION OF TWO MINORS FOR CHANGE OF NAME. No. 87-556. January 21, 1988. *Name. Parent and Child,* Name of child.

This is a petition ostensibly brought by two illegitimate children (aged four and two, respectively, at the time of trial), but in reality prosecuted by their mother, to change the childrens' surname from that of the father to that of the mother. G. L. c. 210, § 12, as appearing in St. 1977, c. 869, § 3. It was the mother who had originally selected the father's surname for both children. The father has acknowledged paternity and has been making court-ordered payments for the support of the children. An experienced probate judge, after listening to two days of largely irrelevant testimony and receiving numerous exhibits which have not been put before us, filed thorough and thoughtful subsidiary findings of fact which led him to conclude that the requested change of name would not be in the best interests of either child. See *Mark* v. *Kahn,* 333 Mass. 517, 521-522 (1956); *Fuss* v. *Fuss (No. 1),* 372 Mass. 64, 69 (1977). Accordingly, the petition was denied. The mother, supposedly acting as the next friend of the children, has appealed. 1. A careful review of the evidence which is before us discloses (a) that each of the judge's subsidiary findings is amply supported by the evidence, (b) that the critical findings are patterned largely after the decisive findings in the *Mark* and *Fuss* cases, and (c) that neither the subsidiary findings nor the judge's ultimate conclusion can be pronounced plainly wrong. 2. The judge was correct in concluding that the "best interests" standard has not been displaced by the 1977 amendment to G. L. c. 210, § 12. A change of name of a minor which is not in the best interest would be "inconsistent with public interests" within the meaning of § 12.

*Decree affirmed.*

The case was submitted on briefs.

*Martha B. Kleinerman & Steven Lee Berger* for the mother.

*Margaret B. Drew & John Robert Harrington* for the father.