Fabricant, J.
This is an action for judicial review, pursuant to G.L.c. 40A, §17, of the grant of a variance to the defendants by the Medford Board of Appeals permitting the defendants to use their home as a two-family residence. This matter is before the Court on the defendants’ motion to dismiss and plaintiffs’ cross-motion for summary judgment. The defendants argue that the plaintiffs lack standing to bring their suit because they are not “aggrieved persons” as defined by G.L.c. 40A, §17. In their cross-motion for summaiy judgment, the plaintiffs contend that the defendants cannot meet their burden of proving that the statutory grounds for the grant of the variance exist.
For the reasons discussed below, the defendants’ motion to dismiss is DENIED and the plaintiffs’ cross-motion for summaiy judgment is ALLOWED.
BACKGROUND
The materials submitted by the parties in support of and in opposition to these motions present the following facts. The defendants, William and Leslie Callinan, purchased 117 Sheridan Street from the Andón family in the fall of 1996. The real estate listing described the home as a “single with perfect 1st fl. in law or au pair suite,” and indicated that it contained a living room and kitchen on each of the first and second floors, with one bedroom on the first floor and additional bedrooms on the second and third floors, and two electric meters. The listing noted the zoning as “residential.” The purchase and sale agreement, dated October 7, 1996, noted the use of the property permitted by the zoning by-law “as a single family dwelling.” This description was consistent with an application by the Andons for a “Housing Rehabilitation Program,” bearing the date “December 1985,” describing the property as having one dwelling unit. Soon after their purchase, the Callinans rented the first floor to their two adult nephews. Within six months, the City Building Commissioner notified them that, as related by Leslie Callinan in her deposition, “there had been complaints that there was an illegal apartment.” The Callinans responded on October 3, 1997, by submitting an application to the Building Department for a permit to use the property as a two-family residence. The Building Commissioner denied the permit on November 3, 1997, giving as his reason:
The petitioner seeks to maintain a nonconforming single family house which has been converted to a two family without a variance or permits. The property is located in a G.R. Zone, on a 4,000 s.f. lot (violation of Table 6.3) with insufficient lot width (violation Table 6.3), insufficient yard setback (violation Table 6.3) and insufficient parking (ordinance 539).
On November 4, 1997, the Callinans applied to the Board of Appeals for a variance from the cited provisions of the zoning by-law, so as to permit their use of the property as a two-family house. They described their request as follows: “maintain existing nonconforming structure — converted to a two (by others) in G.R. District (use allowed).”
Pursuant to G.L.c. 40A, §10, the Board certified a list of parties in interest, including the plaintiffs, and notified those on the list of a public hearing on the variance request. The minutes of the hearing, dated January 28, 1998, reflect that the Board members had made a site visit to the property on January 24, 1998. At the hearing, counsel for the Callinans made a presentation, asserting that the Callinans had thought 117 Sheridan Avenue was a two-family home when they purchased it, and that the residence had been operated as a two-family residence previously. He acknowledged, however, that the purchase and sale agreement described the house as “a single.” Joanne DeMille, an abutter, spoke in favor of the request, asserting that the house “has always been a two-family.” The plaintiffs spoke in opposition, asserting that the prior owners had used the house as a single-family residence, and had installed a kitchen on the first floor for the use of their elderly mother. The plaintiffs expressed concern for the value of their property, and noted that the house had been sold to the defendants as a single family residence.
On Februaiy 25, 1998, the Board issued its decision granting the variance requested by the defendants. As its findings and reasons, the Board stated:
These premises are located in a general residence zoning district, with two family dwellings allowed. The Board finds that the premises had been converted to and occupied as a two family dwelling prior to purchase by the current owner, petitioners here. Indeed, the Board heard from neighbor-abutters who testified that the conversion took place prior to purchase by these petitioners. The Board finds that the entire premises, both interior and exterior, are extremely well maintained and attractive. The con *346 version, whenever it was done, was made with attention to detail and quality.
The Board specifically finds that this variance, and allowance of the previously converted premises from a one to a two family dwelling, does not involve any new alterations, extensions or structural changes, nor does it increase the nonconforming nature of the structure. The Board is mindful that each petition before it must be considered on its own merits, or lack thereof, and any action taken with respect to one petition may not be valid precedent for another. It is important to note not only that this use is allowed in this neighborhood and zoning district, but that the record is void of any evidence that this petitioner in any way had knowledge of or participated in the conversion prior to their purchase of the property. To require the dismantling of the premises under these circumstances would operate to impose severe hardship upon the innocent property owner.
On March 12, 1998, the plaintiffs filed their complaint in this Court, seeking judicial review of the Board’s decision, pursuant to G.L.c. 40A, §17. The defendants have moved to dismiss on the ground that the Court lacks subject matter jurisdiction because the plaintiffs lack standing as aggrieved persons. In response, the plaintiffs have submitted affidavits regarding the effect on them of the defendants’ use of their property as a two-family residence. Cooper’s affidavit states that “there has been a substantial increase in noise, an increase in vehicular and pedestrian traffic, an increase in litter, and a reduction in parking...” Rebello’s affidavit states that “[a]s a result of the defendants’ conduct, the parking situation has worsened. There is more traffic on our street and less parking spaces.” Rebello also states that she consulted with several realtors and “was informed that the value of [her] property would decrease by twenly to thirty percent (20%-30%) if the variance was granted . . .”[3] The plaintiffs have also submitted affidavits from six neighbors of 117 Sheridan Avenue, three of whom are also “interested parties” within the definition of G.L.c. 40A, §17, asserting increased noise and activity, increased traffic, and parking problems due to the defendants’ use of their property.[4]
In support of their motion for summary judgment, the plaintiffs have submitted affidavits asserting that the house was previously used as a single family home, and that the Callinans had conducted renovations to convert the house into two units. The plaintiffs rely also on copies of public records reflecting the actions of the Building Commissioner and the Board of Appeals. They also submit excerpts from the defendants’ deposition testimony, in which the defendants acknowledged both that they knew at the time of the purchase that the house was then a single family house, and that the house is susceptible of use as a single-family house.
In response, the defendants rely on an affidavit of Leslie Callinan, asserting that, “[a]t the time I purchased the property, I had an honest belief it was a two-family house; the house has two separate and distinct entrance doors — one to the second floor and the other leading to the first floor. Each floor has individual kitchens, bathrooms and electric meters.” The defendants also present affidavits from three other “interested parties” as defined by G.L.c. 40A, §17, stating that the defendants’ use of their property has not caused an increase in trafile or a diminution in the quality of life or character of the neighborhood.
DISCUSSION
A. Defendants’ Motion to Dismiss
Subject matter jurisdiction refers to whether a court can hear a particular type of suit. The Superior Court has original jurisdiction over civil actions, except where jurisdiction is given exclusively to another court. G.L.c. 212, §4. Subject matter jurisdiction is an issue to be determined solely by the court. In making that determination, the Court may consider materials that extend beyond the scope of the pleadings. Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass. 106, 108-09 (1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim, even if the parties have not raised the issue. Norfolk Electric, Inc. v. Fall River Housing Authority, 417 Mass. 207, 209 n.3 (1994); Mark v. Kahn, 333 Mass. 517, 519 (1956).
The court has jurisdiction to consider a zoning appeal only if it has been brought by a person with standing, that is, by a person who has been aggrieved by a permit granting authority’s decision. G.L.c. 40A, §17. A plaintiff is a “person aggrieved" if she suffers some infringement of her legal rights. Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 430 (1949). The injury must be more than speculative, Tsangronis v. Board of Appeals of Wareham, 415 Mass. 329, 335 (1993), but the term “person aggrieved” should not be read narrowly. Marotta v. Board of Appeals of Revere, 326 Mass. 199, 204 (1957).
Abutters entitled to notice of zoning board of appeals hearings enjoy a rebuttable presumption they are “persons aggrieved.” Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass, at 111. If standing is challenged, the jurisdictional question is decided on “all the evidence with no benefit to the plaintiffs from the presumption.” Id. See also Barvenik v. Aldermen of Newton, 33 Mass.App.Ct. 129, 131 (1992).
A review of standing based on “all the evidence” does not require that the factfinder ultimately find the plaintiffs’ allegations meritorious. Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 721 (1996). The plaintiffs must, however, put forth credible evidence to substantiate their allegations. Id. Standing then becomes a question of fact for the trial judge. Id. See also Bedford v. Trustees of Boston Univ., *347 25 Mass.App.Ct. 372, 377 (1988). Credible evidence, for this purpose, is a specific showing that the plaintiffs’ injury is special and different from the concerns of the rest of the community. Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. at 933. See also Barvenik v. Aldermen of Newton, 33 Mass.App.Ct. at 132. The plaintiffs must show that their legal rights have been, or likely will be, infringed or their property interests adversely affected. Id. Plaintiffs must establish their injury by direct facts and not by speculative personal opinion. Id.
Courts have specifically stated that subjective fears about possible impairment of aesthetics are insufficient bases for aggrievement. Id. at 132-33. Yet, an increase in pedestrian and/or vehicular traffic may affect a plaintiffs property and confer standing. Bedford v. Trustees of Boston Univ., 25 Mass.App.Ct. at 377-78.
In this case, the plaintiffs are abutters to the defendants’ properly. As such, the plaintiffs enjoy a rebuttable presumption that they are aggrieved persons pursuant to G.L.c. 40A, §17. Because the defendants have challenged the plaintiffs’ standing in their motion to dismiss, this Court must examine all the evidence to determine whether these plaintiffs have put forth credible evidence, by direct facts and not speculative opinion, to show that their injury is special and different from that of the rest of the community.
The plaintiffs’ affidavits assert that, as direct abutters, they have experienced increased pedestrian and vehicular traffic, as well as increased parking and noise problems since the defendants moved into their house and started renting the first floor. Although their affidavits do not expressly attribute these changes to the use of the house as a two-family residence, as opposed to the defendants’ occupancy in general, common experience supplies the necessary connection. It is obvious that occupancy by two households generates more noise and traffic, and requires more parking, than occupancy by one household, all other things being equal.® The plaintiffs’ injury is thus of the type with which the zoning law is concerned, and is special and different from that of the rest of the community. Thus, the evidence establishes that the plaintiffs have standing as aggrieved persons to maintain this action. Because the plaintiffs have standing to make their claim, this Court has subject matter jurisdiction over this action and the defendants’ motion to dismiss must be DENIED.
B. Plaintiffs’ Cross-Motion for Summary Judgment
This Court grants summary judgment only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine dispute of material fact on every relevant issue “even if he would have no burden on an issue if the case were to go to trial.” Pederson v. Time, Inc., 404 Mass 14, 17 (1989), citing Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982), cert. denied sub nom. Bailey v. Bellotti, 459 U.S. 970 (1982).
On a motion for summary judgment the moving party must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the nonmoving party must respond and offer evidence of specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson v. Time, Inc., supra at 17.
In this case, the plaintiffs will not bear the burden of proof at trial. In zoning appeals, “the burden is upon the person seeking a variance, and the board granting one, to produce evidence that each of the discrete statutory prerequisites has been met and that the variance is justified.” Guiragossian v. Board of Appeals of Watertown, 21 Mass.App.Ct. 111, 115 (1985), citing Warren v. Board of Appeals of Amherst, 383 Mass. 1, 10 (1981). At trial, the Court must hear the matter de novo and determine the legal validity of the board’s decision upon the facts as found by the Court. Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972). The court may uphold the grant of a variance only upon an express finding that all statutory requirements are met. G.L.c. 40A, §§10 and 15; Ferrante v. Board of Appeals of Northampton, 345 Mass. 158 (1962).
The material presented by the plaintiffs, particularly the record of the Board’s action and evidence that the property has previously been used as a single family house in accord with the zoning by-law, establish that the defendants have no reasonable likelihood of proving at trial the elements required by statute for the grant of the variance. Thus to defeat summary judgment, the defendants must present evidence to show that, at the trial stage, they will be able to prove that the grant of the variance was proper according to the requirements of G.L.c. 40A, §10.
General Laws c. 40A, § 10 authorizes a permit granting authority to grant a variance from the terms of the applicable zoning ordinance or by-law where such authority “specifically finds” that:
owing to circumstances relating to the soil conditions, shape, or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would *348 involve substantial hardship, financial or otherwise, to the petitioner or appellant, and that desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law.
These requirements are conjunctive, not disjunctive; all must be met in order for a board to grant a variance. Kirkwood v. Board of Appeals of Rockport, 17 Mass.App.Ct. 423, 428 (1984).
Further, the findings of a board must fairly disclose the reasoning behind the board’s decision and arrive at the conclusions required by G.L.c. 40A, §10. Josephs v. Board of Appeals of Brookline, 362 Mass. at 295. If the board fails to make the requisite explicit findings or simply recites the statutory words, the decision of the board is invalid on its face.
Considered in the light most favorable to the defendants, the evidence they offer fails to establish the existence of any genuine issue for trial. The defendants’ affidavits assert, in substance, that a prior owner, at some point in the past, installed certain features that facilitate two-family use (a second front door, electric meter, and kitchen), despite zoning regulations prohibiting such use; that they purchased the house aware of its official status but nevertheless expecting to be permitted to use it as a two-family; and that they would suffer financial hardship if prevented from doing so. Such facts, accepted as true for the purpose of this motion, do not meet the requirements of the statute.
Defendants offer nothing to show that due to any aspect of the soil conditions, shape, or topography especially affecting the land or structure, literal enforcement of the zoning by-law would involve any substantial hardship. More particularly, the defendants have offered nothing to indicate that their house cannot be used as a single family home, or that anything in its physical or structural conditions makes such use infeasible or significantly more difficult than similar use of neighboring properties. Absent such evidence, whatever factual dispute may exist as to the effect of two-family use on traffic, parking, and the like, or as to previous use in violation of the by-law, is immaterial. The plaintiffs’ cross-motion for summary judgment must therefore be ALLOWED.
CONCLUSION AND ORDERS
For the foregoing reasons, it is hereby ORDERED that Defendants’ Motion to Dismiss is DENIED. The Plaintiffs’ Cross-Motion for Summary Judgment is ALLOWED.

Other portions of the plaintiffs’ affidavits describe activities the plaintiffs claim to have observed at the premises, particularly frequent brief visits by numerous vehicles, some appearing to involve “an exchange.” These assertions are irrelevant to the plaintiffs’ standing to challenge the variance, and the Court disregards them.

 One of these is from Joanne DeMflle, recanting her support as expressed at the Board’s hearing and in an affidavit she signed in March, apparently in connection with a preliminary injunction proceeding.

 he plaintiffs’ hearsay accounts of realtors’ opinions as to the effect of the variance on their property value are not competent evidence, but are unnecessary to establish their standing.