Connolly, J.
The plaintiff, Arbella Mutual Insurance Company (“Arbella”), brought this complaint against Pain & Injury Rehab., P.C.; Paul Jondle; Anthony Mortimer; Peter Antonsen; Stephen Jensen; and Angela Fiore (the “defendants"), alleging violations of G.L.c. 93A, §§2, 11, misrepresentation, and negligent misrepresentation, in connection with the defendants’ presentment of bills for medical and chiropractic services provided to Arbella insureds injured in automobile accidents. In turn, the defendants filed a three-count class action counterclaim alleging breach of contract and G.L.c. 90, §§34A, 34M violations; G.L.c. 93A, §§2, 11 violations; and violation of the Sherman Antitrust Act and the Clayton Act. The case is now before this Court on the Arbella’s motion to dismiss the defendants’ counterclaims. For the reasons set forth below, the plaintiffs motion is ALLOWED.
BACKGROUND
The plaintiff, Arbella Mutual Insurance Company, filed this complaint against the defendants in response to the defendants’ presentment of several bills for payment. The bills, representing medical and chiropractic services provided to Arbella insureds,[2] were for the treatment of injuries allegedly sustained by the *281 insureds in automobile accidents. The bills were presented for payment under the personal injury protection coverage (“PIP”) provided by Arbella to its insureds pursuant to G.L.c. 90, §34M.[3]
Arbella’s complaint alleges that the defendants provided excessive and unnecessary treatment to the insureds. Arbella also alleges that the defendants submitted unreasonable and excessive bills for the purpose of allowing the insureds to incur chiropractic bills in excess of the tort threshold established by G.L.c. 231, §6D.[4]
On June 22, 1998, the defendants filed an answer to Arbella’s complaint and a three-count class action counterclaim. In Count I, the defendants allege that Arbella breached the insurance policy contract with its insureds and violated G.L.c. 90, §§34A, 34M by failing to pay for the medical treatment the defendants had provided to the insureds. Count II of the counterclaim alleges that Arbella engaged in unfair or deceptive acts or practices, in violation of G.L.c. 93A, §§2, 11, by failing to pay the medical bills of their insureds or, in the alternative, by failing to provide timely notice of its reasons for nonpayment. Finally, Count III of the counterclaim alleges that Arbella conspired to set fees for treatment of chiropractic services as well as to set the frequency of such treatment in violation of the Sherman Antitrust Act, 15 U.S.C. §§1, 2 and the Clayton Act, 15 U.S.C. §17. In response, Arbella filed the present motion to dismiss the defendants’ counterclaims.
DISCUSSION
A. Rule 12(h)(6) — Lack of Standing
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Standing is an issue of subject matter jurisdiction. Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 (1998). The proper avenue for a defendant to challenge a plaintiffs standing is by bringing a motion to dismiss under Mass.R.Civ.P. 12(b)(1) or (6). Id.
The defendants have filed a three-count class action counterclaim. Arbella argues that the defendants lack standing to bring Counts I and II of the counterclaim and that these counts should be dismissed under Mass.R.Civ.P. 12(b)(6). The defendants counter that as medical providers whose invoices remain due and payable after demand, G.L.c. 90, §34M grants them status as parties to the Automobile Insurance Policies with Arbella. The defendants reason that their status as parties to the contract gives them standing to bring a class action on behalf of all Arbella insureds for money due under the PIP provisions of their insurance policies.[5]
Under Mass.R.Civ.P. 23,[6] the defendants have proposed a class, defined in Counts I and II of the counterclaim, composed of those Massachusetts residents insured by Arbella between 1992-98 who were involved in motor vehicle accidents in Massachusetts during which they were injured and for which they received medical or chiropractic treatment. The proposed class also includes the unpaid medical providers who treated these insureds.
General Laws c. 90, §34M allows the defendants, as unpaid medical providers, to bring a claim for breach of contract to collect money under the PIP provision of the contract for the insureds they treated. However, the defendants cannot bring a class action on behalf of aU. Arbella insureds who had automobile accidents and received medical treatment between 1992-98. General Laws c. 90, §34M does not grant them standing to bring actions on behalf of the insureds they did not treat. Because the defendants are not members of the class of insureds, they do not have standing to bring Counts I and II and these counts must be dismissed.
B. Rule 12(b)(1) — Lack of Subject Matter Jurisdiction
Subject matter jurisdiction refers to whether a Court can hear a particular type of suit. The Superior Court has original jurisdiction over most civil actions except where jurisdiction is given exclusively to another court. G.L.c. 212, §§4, 6. Subject matter jurisdiction is an issue to be determined solely by the Court. In making that determination, the Court may consider materials that extend beyond the scope of the pleadings. Watros v. Greater Lynn Mental Health & Retardation Ass’n., Inc., 421 Mass. 106, 108-09 (1995). If the Court determines that it does not have subject matter jurisdiction, it must dismiss the claim even if the parties have not raised the issue. Norfolk Electric, Inc. v. Fall River Housing Authority, 417 Mass. 207, 209 (1994); Mark v. Kahn, 333 Mass. 517, 519 (1956).
The plaintiff argues that Count III of the defendants’ counterclaim, which alleges conduct by Arbella in violation of the Sherman Antitrust Act, 15 U.S.C. §§1, 2, and in violation of the Clayton Act, 15 U.S.C. §17, should be dismissed for lack of subject matter jurisdiction. This Court agrees that state courts have no jurisdiction over such claims. See Blumenstock Bros. Advertising Agency v. Curtis Publishing Co., 252 U.S. 436, 440 (1920); Martin v. Factory Mutual Research Corp., 401 Mass. 621, 625 (1988). “Where a party seeks relief for violation of the Sherman anti-trust act or of the Clayton act, he must address a court of the United States and not of a State." Codman v. New York, *282 N.H. & H. Railroad, 253 Mass. 144, 152 (1925). For this reason, Count III of the defendants’ counterclaim must be dismissed for lack of subject matter jurisdiction under Mass.R.Civ.P. 12(b)(1).
ORDER
For the forgoing reasons, it is hereby ORDERED that the Plaintiffs Motion to Dismiss the Defendants’ Counterclaims be ALLOWED.

 The insureds include, but are not limited to: Vo Tam; Trung V. Nguyen: Thuy V. Nguyen: Karin Benjamin; Wilfredo Racine: Bridget Hughes: Carlos Figueroa: and Exanor Altidor.

 General Laws c. 90, §34M entitled “Personal Injury Protection” provides in relevant part:
Every motor vehicle liability policy . . . issued or executed in this commonwealth shall provide personal injury protection benefits . . . The benefits due and payable under any motor vehicle liability policy or bond as a result of the provisions therein providing personal injury protection benefits . . . are granted in lieu of damages otherwise recoverable by the injured person or persons in tort as a result of an accident occurring within this commonwealth.

 General Laws c. 231, §6D states in relevant part: “In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages . . . associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease .. . are determined to be in excess of two thousand dollars . . .”

 General Laws c. 90, §34M states in relevant part: “In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter.”

 Mass.R.Civ.P. 23 states in relevant part: “(a) Prerequisites to a Class Action: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.”