Moses, J.
This action was filed on March 4, 2004 by way of a verified complaint filed by Brazilian Assembly of God in Hyannis (“Brazilian”) against Assembly of God of Boston (“Assembly”) and others. The complaint asserts a dispute as to ownership of certain property in Hyannis upon which a church has been constructed. Brazilian asserts that the church premises was purchased on August 19, 1998 in the name of the Defendant, Assembly of God of Boston, with the funds being contributed by the members of the Hyannis church. The complaint asserts that although legal title vested in the name of Assembly of God of Boston an equitable interest resided in the Plaintiff as a de facto corporation and the sole financial supporter. The Plaintiff incorporated on November 8, 2003 after a certain dispute relating to internal matters of the church. The verified complaint further asserts that the Defendant was subject to Article XII of the Church by-laws entitled “Property Section 4 Disaffiliation.” Said by-laws purportedly contain the following language: “. . . all property of the Assembly should be deeded to the Assembly and held in Trust as a place of divine worship and full cooperative fellowship and affiliation with the general counsel of the Assemblies of God, Springfield MA, and the Southern New England District Counsel of the Assemblies of God.” Count I contains a request for a declaratory judgment and equitable relief; Count II asserts a breach of the aforesaid by-law. After the filing of this action, the Assembly of God of Boston filed a summary process action against the Plaintiff corporation and its members seeking to obtain possession of the subject premises. The Defendants have filed a motion to dismiss the Plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)(1) and 12(b)(6). Such motion asserts that the first amendment of the United States Constitution prohibits the court from taking jurisdiction over this matter and that the complaint fails to state a claim for which relief can be granted. In addition to filing an opposition to such motion, the Plaintiff has filed a motion to amend the complaint to add approximately 500 plaintiffs who are members of the Plaintiff church and to amend the complaint to add a claim of a resulting trust and to also delete the portion of their claim relating to a breach of church by-laws. One ground for seeking to add the multiple plaintiffs is the assertion that they constitute members of the Church and hence are named generically in the summary process action filed by the Defendants. The Court notes that the Plaintiff has not attached to its motion the proposed draft amended complaint.
DISCUSSION
It is fundamental law that the first amendment to the United States Constitution prohibits civil courts *672 from intervening in disputes concerning religious doctrine, discipline, faith or internal organization. See Albeit v. Devine, 395 Mass. 59, 72 (1985). See also Jones v. Wolf, 443 U.S. 595, 602 (1979). For the court to have jurisdiction of a dispute involving religious matters, the court must be able to resolve the dispute without entangling itself in questions of religious doctrine, polity and practice, and rely instead on objective well-established concepts of trust and properly law. See Fortin and Another v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 787 (1994).
This application is known as the “Neutral Principles of Law Approach” which permits the court to examine any relevant statute, the deeds to the property in question and any pertinent constitutions or by-laws of the organizations involved. See Fortin 14 at page 789, citing Antioch Temple, Inc. v. Parekh, 383 Mass. 854, 867 (1981). The Court is inclined to allow the Plaintiffs an opportunity to file an amended complaint which must assert facts from which the Court could determine the issues involved based upon such neutral principles of law. The Court, while not inclined to allow the Plaintiff to add some 500 individual plaintiffs concludes that it is appropriate to apply Mass.R.Civ.P. 23 and allow the Plaintiffs to plead the amended complaint in the form of a class action. In preparing such amended complaint, the Plaintiff shall name 5 individual plaintiffs as representatives of the church members in question. The Court concludes that such an amendment is proper in light of the fact that the joinder of all members is impracticable and there are questions of law and fact common to the class with claims and defenses being typical. Furthermore, the selection of representative parties will fairly and adequately protect the interest of the class.
In light of the fact that the Plaintiffs motion to file the aforesaid amended complaint is allowed, the Court denies the Motion to Dismiss, without prejudice, such motion may be renewed after filing of the amended complaint or in the alternative said issues may be raised by way of motion for summaiy judgment which may be a more appropriate vehicle in light of what appears to be a dispute as to the contents of the by-laws applicable at the time of the conveyance.
ORDER
For the foregoing reasons, it is ORDERED that:
1. the Plaintiffs Motion to Amend is ALLOWED with said amendment to comply with the conditions hereinabove stated and the Amended Complaint to be filed within 21 days of the within Order;
2. the Defendant’s Motion to Dismiss is DENIED, without prejudice.