Rufo, Robert C., J.
The plaintiffs, Brazilian Assembly of God in Hyannis (“Brazilian”), brought this action to establish legal title in a parcel of property owned by the defendant, Assembly of God of Boston (“Assembly”). In Count I of their Amended Verified Complaint, Brazilian seeks declaratoiy relief establishing an equitable interest in the disputed parcel. Brazilian, in Count II, again asserts legal title to the subject premises and alleges that Assembly holds legal title only as trustee of a resulting trust created for Brazilian’s benefit. In Count ID, Brazilian requests that a constructive trust be implemented because Assembly has willfully and fraudulently failed to convey title to the property upon request. Assembly now moves this Court to dismiss all Counts of Brazilian’s Amended Verified Complaint, pursuant to Mass.R.Civ.P. 12(b)(1) and 12(b)(6), for both lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. For the reasons set forth below, Assembly’s motion is DENIED.

BACKGROUND

The Assembly of God of Boston is a now defunct religious association, which was based out of Sommer-ville, Massachusetts. World Revival Church is the successor-in-interest to the dissolved entity and is led by one Ouriel De Jesus (“De Jesus"). In or around 1986, Assembly, as it was then constituted, founded a new parish in Hyannis, Massachusetts. The parish was named Assembly of God of Boston in Hyannis. De Jesus, acting as the Pastor President of Assembly, appointed a pastor to the Hyannis parish. That pastor served as a local representative of Assembly until 1993. At that time, De Jesus appointed Israel Di Silva (“Di Silva”) as the new pastor and local representative.
From its inception in 1986, the Hyannis parish flourished and served as a place of worship for many in the Brazilian community of the mid-Cape area. Consequently, in August of 1998, members of the Hyannis parish approached Paul Lorusso (“Lorusso”), Trustee of the Independence Park Charitable Remainder Unitrust and the Lyndon Lorusso Foundation, to inquire about obtaining certain land and assistance in financing for the purposes of constructing a new church. On August 19, 1998, Lorusso, in exchange for valuable consideration, granted to Assembly by quitclaim deed the premises at 959 Maiy Dunn Road, Hyannis, Massachusetts (“the premises”).[4] Notably, on August 13, 1998, just days prior to the completion of the aforementioned transaction, Lorusso sent a letter to De Jesus, purportedly in an attempt to memorialize an oral agreement between the parties that the deeded land and corresponding mortgages would be held by Assembly for the sole benefit of the Hyannis parish. Neither the oral agreement nor the August 13 correspondence were incorporated by reference in the deed.
Sometime thereafter, the members of the Hyannis parish constructed a church on the premises. From that time until November of2003, the Hyannis parishioners continued their affiliation with Assembly and utilized the subject premises. However, on or about November 8, 2003, the members of the Hyannis parish, led by Di Silva, voted to dissolve their ties with Assembly and agreed to affiliate themselves with the Assembly of God in Brazil, and the U.S. Shortly thereafter, the parishioners incorporated as the Brazilian Assembly of God in Hyannis. The parishioners then requested that legal title to the premises be deeded to Brazilian, as now incorporated. Assembly refused.
On March 4, 2004, Brazilian commenced this action by way of a two-count verified complaint. In Count I, the plaintiffs made a request for declaratoiy judgment and equitable relief. Count II asserted a claim for breach of the church by-law. Assembly then moved this Court to dismiss both counts of Brazilian’s complaint pursuant to Mass.R.Civ.P. 12(b)(1) and 12(b)(6). In that motion, Assembly asserted that the First Amendment to the United States Constitution prohibited this Court from taking jurisdiction over the matter and that Brazilian failed to state a claim upon which relief could be granted. Brazilian, in addition to opposing Assembly’s motion, also moved to amend its original complaint to add as plaintiffs approximately 500 members of the Hyannis parish, to delete that portion of its complaint seeking relief for breach of the by-law, and to add a new count seeking relief under a resulting trust theoiy. By an order dated October 27, 2004, this Court (Moses, J.) allowed Brazilian’s Motion to Amend and subsequently denied, without prejudice, Assembly’s Motion to Dismiss [18 Mass. L. Rptr. 671].
On November 18, 2004, Brazilian filed a three-count Amended Verified Complaint with this Court. In Count I of its Amended Complaint, Brazilian again seeks declaratoiy relief establishing an equitable interest in the premises. In the amended Count II, Brazilian now asks this Court to find that a resulting *331 trust was created for its benefit at the time the premises were deeded to Assembly, and that title should therefore vest in Brazilian. In Count III, Brazilian seeks similar relief under a theory of constructive trust. Assembly has now renewed its motion to dismiss Brazilian’s Amended Verified Complaint.

DISCUSSION

I. Standard of Review

A. Mass.R.Civ.P. 12(b)(1)

A motion for lack of subject matter jurisdiction can be made at any stage in the proceedings. Mass.R.Civ.P 12(g), (h). Because subject matter jurisdiction is an issue to be determined solely by the court, the parties cannot waive jurisdiction or confer jurisdiction where it does not exist. Norfolk. Electric, Inc. v. Fall River Housing Authority, 417 Mass. 207, 209 n.3 (1994); Mark v. Kahn, 333 Mass. 517, 519 (1956). Unlike with a 12(b)(6) motion, with a 12(b)(1) motion, the court may consider materials beyond the scope of the pleadings. Watros v. Greater Lynn, 421 Mass. 106, 108-09 (1995). “A motion under Mass.R.Civ.P. 12(b)(1) . . . that is unsupported by affidavit presents a facial attack based solely on the allegations of the complaint, taken as true for purposes of resolving the complaint.” Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709-10 (2004), quoting Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 516 n.13 (2002). “By contrast, a rule 12(b)(1) motion supported by affidavits places the burden on the plaintiff to prove jurisdictional facts.” Id. at 710.
B. Mass.R.Civ. 12(b)(6)
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6) the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Fairneny v. Savogran, Co., 422 Mass. 469, 470 (1996). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In evaluating a 12(b)(6) motion, courts may consider allegations in the complaint, items appearing in the record of the case and exhibits attached to the complaint. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).

II. The First Amendment as a Bar to Subject Matter Jurisdiction and Recovery

It is well-established law that “the First Amendment prohibits civil courts from intervening in disputes concerning religious doctrine, discipline, faith, or internal organization.” Alberts v. Devine, 395 Mass. 59, 72 (1985). See also Jones v. Wolf, 443 U.S. 595, 602 (1979). “Although the First Amendment [also] severely circumscribes the role that civil courts may play in resolving church property disputes, this circumscription is not absolute, and courts have recognized instances where civil resolution of church property disputes may occur without offense to the First Amendment.” Fortin v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 785-86 (1994). Indeed, a court may exert jurisdiction, resolve the dispute, and do so without violating the First Amendment by employing the “neutral principles of law” approach. Episcopal Diocese of Massachusetts v. Devine, 59 Mass.App.Ct. 722, 727 (2003). Under this approach, the court “must be able to resolve the dispute without entangling [itself] in questions of religious doctrine, polity, and practice, and rely instead on objective, well established concepts of trust and property law.” Fortin, 416 Mass, at 788 (exerting jurisdiction and resolving the issue of ownership of church property under both constructive and resulting trust law). But see Episcopal Diocese of Massachusetts, 59 Mass.App.Ct. at 727-28 (noting that the court should not exert jurisdiction over a church property dispute where “the question of the right to use and possess the... church property is inextricably intertwined with the question of which individuals hold authority to act on behalf of [the local parish]”). In applying this approach, the court “may examine any relevant statute, the deeds to the property in question, and any pertinent constitutions or by-laws of the organizations involved.” Id., citing Antioch Temple, Inc. v. Parekh, 383 Mass. 854, 687 (1981).
In the instant case, Brazilian has amended its complaint to include claims under both resulting and constructive trust law. In doing so, Brazilian has pled two well-recognized legal theories upon which relief may be granted. Dismissal under Mass.R.Civ.P 12(b)(6) is therefore inappropriate. Moreover, dismissal of this matter, pursuant to Mass.R.Civ.P. 12(b)(1) is also inappropriate at this juncture. Indeed, by applying only the objective, well-established concepts of constructive and resulting trust law to the facts of this case, this Court may assert jurisdiction over this matter without inextricably entangling itself in questions of religious doctrine, polity or practice. See Fortin, 416 Mass, at 788. See also Episcopal Diocese of Massachusetts, 59 Mass.App.Ct. at 727-28 (noting that jurisdiction is improper where the court must determine whether the diocese has the authority to control the parish). Review will necessarily be constrained to certain evidence. See Fortin 416 Mass, at 788. Whether Brazilian can prove the requisite legal elements to establish either a constructive or resulting trust from that limited review, however, is an issue that goes to the weight of the evidence and is more properly addressed by way of summary judgment or by trial.

ORDER

For the reasons stated herein, it is hereby ORDERED that the Defendants’ Motion to Dismiss the Plaintiffs’ Amended Verified Complaint is DENIED.

Article XII Property-Section 4 Disafflliation-of Assembly’s by-law provided that “all property of the Assembly should be deeded to the Assembly and held in trust as a place of divine worship in full cooperative fellowship and affiliation with The General Council of The Assembly of God, Springfield, Missouri, and The Southern New England District Council of the Assemblies of God.”